## MOORE *vs.* SMITH.

In an action against an executor, under *Stat.* 1821. *ch.* 51, *sec.* 11, to recover the penalty there provided for not filing a will in the probate office, it is not competent for the executor to prove that the will was revoked, this being a question exclusively of probate jurisdiction.

The *Stat.* 1821, *ch.* 62, *sec.* 14, limiting penal actions to one year from the time of forfeiture, may be given in evidence under the general issue.

The penalty, not exceeding sixteen dollars per month, provided by *Stat.* 1821, *ch.* 51, *sec.* 11, for not filing a will in the probate office, is incurred, and may be sued for, at the end of every month, within a year next preceding the commencement of the action.

THIS was an action to recover of the defendant, who was named executor in the will of *John Moore* deceased, the penalty mentioned in *Stat.* 1821, *ch.* 51, *sec.* 11, for not filing the will in the Probate office within thirty days after the death of the testator, which happened *September* 3, 1823.

At the trial, which was before *Parris J.* upon the general issue, the plaintiff produced the will, dated *May* 14, 1813, and proved its execution, and the sanity of the testator, by two of the subscribing witnesses. He also proved that at the time of making the will the testator was possessed of a large farm, well stocked, and furnished with implements of husbandry; and that at the time of his death he continued so to occupy it; and was also possessed of other personal estate, money, and securities, to the value of nearly a thousand dollars.

The defendant offered in evidence a deed dated *June* 5, 1815, from the testator, conveying to his son *John Moore* 3d, all the real estate mentioned in the will, and all his stock and farming utensils, for the consideration of 2000 dollars;—also a lease from the son to his father and mother, of the property thus conveyed, and all the personal property, during their several lives;—also a bond given by

Moore v. Smith.

the son to the father, conditioned, among other things, to clothe and educate five of the minor children, during their minority. He also proved that the son, pursuant to an agreement with his father, and for the consideration mentioned in the deed, had secured and paid divers sums to his brothers and sisters, amounting in all to 1400 dollars. The securities for these sums were deposited in the hands of the late *John Burnham,* Esq. who prepared the deeds. It also appeared that the father, at the time of making the deed, stated to the scrivener and others, that he wished to convey his estate to save the expense of administration ; and that on other occasions he stated that the farm did not lie conveniently to make three farms ; that his sons *Ira* and *James,* whom he had made joint devisees with *John,* upon certain conditions, were young, and probably would not live on it, if they had each but a third ; and that his wife was dissatisfied ; that after having made his will, he had altered his mind, and given it all to *John,* by a deed, and held him to pay out ; taking a life-lease to himself and wife. But it did not appear that he spoke particularly of his money, notes, or furniture.

There was no evidence that either of the heirs knew of the existence of the will till *August* 1826 ; when they were so informed by the defendant ; who stated that *John* said he had a deed, but that he *did not believe it, as he had caused the records to be searched, but* found none there. And it further appeared that *John* had kept the existence of this deed a secret, both from the other heirs, and the defendant ; but that on the decease of his father he took possession of the money on hand, and divided it with his mother ; and there was no proof that any of the money, notes or furniture, ever came to the hands of any other of the heirs, except a note of about fifty dollars to the plaintiff, and another, of about the same sum, to his brother. The will was delivered by the defendant to the plaintiff, about eighteen months ago, at the plaintiff's request.

After the deed was given, *John* conducted the operations on the farm ; the produce of which went to the support of the family, and the surplus he appropriated to himself; and this course of proceeding was continued after the death of the father, as before.

Moore *v.* Smith.

The defendant could have proved, by one of his own witnesses, belonging to the family, that on the day of the funeral the witness told him that he had nothing to do with the will, the property having all been conveyed to *John;* but this evidence was excluded.

Hereupon a verdict was returned, by consent, for the plaintiff; subject to the opinion of the court, whether the testimony offered by the defendant was admissible, and constituted a good defence to the action.

*J. Holmes* and *D. Goodenow,* for the defendant, objected to the plaintiff's right to sue for the penalty, on the ground that he was not interested in the will; for to no other person does the statute give the right of action. He cannot take the real estate, because it is conveyed to *John;* nor can he take the personal estate; because, if the will is not revoked, the personal estate was therein bequeathed upon condition of payments which have already been made by *John,* under the subsequent arrangement, and which the plaintiff cannot comply with.

2. But the will was revoked by the testator. The whole evidence shews that he made a subsequent disposition of his whole estate; for though the deed to *John* does not expressly mention all the personal estate, yet the lease from him does. By the subsequent arrangement he provided for all his family, executed writings disposing virtually of all his estate, taking the notes of his son *John* for the amount, which have been paid, or are still in force against him. *Ira* also, the plaintiff, has so regarded it, and thus concluded himself, by accepting payment of the note given for his benefit; and by not filing and proving the will since it has been in his hands. These acts are at least as clear and unequivocal in their character as others which have been held to amount to a revocation, even since the statute of of 29. *Car. 2 cap.* 3;—such as marriage, and the birth of a child; 5 *D & E.* 49;—a sale and repurchase of the land devised; *Jacob's Law Dict. tit. Wills, &c. Carter v. Thomas,* 4 *Greenl.* 341 ;—or an ineffectual attempt to convey. *Cave v. Holford,* 3 *Ves.* 650. And this court is competent, at common law, to examine this point, so far as the liability of the defendant to a penalty is concerned.

3. The defendant, under the circumstances of this case, is not

liable for the penalty. He acted under an honest conviction of duty. And it is no where proved or alleged that no just excuse was made and accepted by the Judge of Probate for the delay. Yet this point, though apparently a negative, must be proved by the plaintiff, in a penal action, in order to make out his case. *Little v. Thompson*, 2 *Greenl.* 228. *Williams v. Hingham*, 4 *Pick.* 341. The remedy, also, is merely commulative ; since the Judge of Probate, at the instance of any one interested, may summon the person having custody of the will, to produce it for probate. *Stebbins v. Lathrop*, 4 *Pick.* 33.

4. The action is barred by the statute of limitations, which terminates the right of an individual to sue for himself, after one year from the time when the penalty accrued. But here the penalty accrued at the end of thirty days from the death of the testator ; at which time the right of action attached, and from which the period limited in the statute is to be computed. All subsequent neglect is in the nature a *continuando*, depending on proof of the original trespass. *Cro. Car.* 115. And this may well be shown under the general issue. By *Stat.* 1821, *ch.* 59, *sec.* 23, executors may in all cases give any special matter in evidence, under the general issue ; and here the plaintiff is estopped to deny that he is executor. But in all actions on penal statutes, the defendant may thus avail himself of this defence. 1 *Chitty's Pl.* 476. 1 *Selk.* 278. 1 *Ld. Raym.* 153. 1 *Saund.* 283, *n.* 2. *Com. Dig. tit. Pleader*, 2 *W.* 16. 2 *Saund.* 53, *a. n.* 6. *Lee v. Clark*, 2 *East*, 336.

*E. Shepley* and *Howard*, for the plaintiff.

MELLEN C. J. delivered the opinion of the Court, in *Cumberland*, at the ensuing term.

This is an action of debt for a penalty alleged to have been incurred by the defendant under the statute of 1821. *ch.* 51. *sec.* 11. in neglecting to file the last will and testament of *John Moore* for probate, as required by that section. The will bears date *May* 14, 1813 ; and it is not pretended that it was ever so filed for that purpose. The

Moore v. Smith.

testator died *Sept.* 3, 1823. Several circumstances have been relied upon as constituting a substantial defence.

1. It is said th t the plaintiff is not entitled to maintain the action, because he is not " interested in the estate devised by such will ;" and that the statute authorises no one who is not so interested to sue for the penalty.

2. That the will before mentioned, was revoked by the testator.

3. If not, that the neglect of the defendant was not the consequence of any such motives and intentions as could subject him to the severe penalty of the statute.

4. The statute of limitations.

With respect to the first objection, the reply is, that by inspection of the will it appears that one third of the estate was devised to the plaintiff on certain specified conditions ; and, therefore, he must be considered as manifestly interested, unless we have evidence before us of its revocation.

As to the second objection, the question is, whether we have such evidence and are authorized in this action, to pronounce upon its sufficiency as establishing the fact of revocation. According to our laws, the probate of wills is within the exclusive jurisdiction of the courts of probate, and of this court, on appeal, sitting as the Supreme Court of probate ; and, except in a specified case, this court has no original probate jurisdiction, and no jurisdiction whatever sitting and proceeding as a court of common law, as decided in *Small v. Small,* 4. *Greenl.* 220, and the cases there cited. After a will has once been duly proved and approved, its existence and validity as a last will and testament cannot in any court be questioned ; nor can any evidence of its revocation have the least operation or influence. Proof of revocation must be presented to the Judge of probate by way of objection to the probate ; and, on appeal from the decree below, this court, as the Supreme Court of probate, can decide upon the question of asserted revocation ; but in no court of common law can that question be settled, and, of course, all evidence bearing upon the point is irrelavent and of no importance. In the case before us, the will has not been proved and approved ; and the defendant contends it never could have been, because it had been revoked. But

Moore *v.* Smith.

this argument proceeds on the assumption of a fact as true, which we have no jurisdiction in this cause to hear and determine. The law never intended that an executor should settle the question of revocation for himself and all concerned; and justify his neglect to present it to the proper tribunal for probate, upon his own decision, and according to his own good pleasure. Such a course of proceeding could not, on the ground of innocent intentions and pure motives, exempt an executor from the penalties of the statute, even if certain peculiar circumstances might, in legal contemplation, amount to a defence of such an action as this, on the principle mentioned and relied upon in the defendant's third objection.

As to this objection, there are numerous facts stated in the report, showing not only a design in the testator to make a distribution of his estate in his life time, by deeds and certain arrangements mentioned, but that such design was in many if not all respects, carried into execution; and for the purpose of, shewing the defendant's motives in neglecting to present the will for probate, we do not perceive any impropriety in the admission of such evidence to the jury; the effect of it is now the subject of consideration. Upon a careful examination of the report, we do not find any proof showing that the executor knew the facts in relation to the testator's settlement of his estate among his children, until the time of the trial of this cause; and that he acted under the influence of any such knowledge in the neglect of his duty; but in *August* 1826, he informed the heirs of the testator that *John* said he had a deed, but that he, the defendant, did not believe it, having in vain searched the records to ascertain the fact. It is true, the defendant offered to prove that one of his own witnesses, on the day of the testator's funeral, told him he had nothing to do with the will, as the property had all been conveyed to *John;* but such evidence was properly rejected, and clearly inadmissible.

With respect to the statute of limitations, *Stat.* 1821. *ch.* 62. *sec.* 14. though it may be given in evidence, yet it cannot avail the defendant, as to the amount of penalty during the year next preceding the commencement of the action; for by the terms of the section on which the action is founded, the penalty is incurred monthly, and therefore, at the end of each month of delay, the right of action accrued.

As to the want of a negative averment in the declaration respecting an excuse for the defendant's delay, our only reply is, that the objection is not regularly before us. The proper mode of presenting it for decision is on motion in arrest of judgment, or on error. No motion has been filed. There must, therefore, be judgment for the plaintiff; but considering all the facts in the case in relation to the estate and the disposition of it by the testator after the will was made, and what were in all probability his understanding and intentions, and those of the family ; and considering also that the statute has given us so broad a discretion, we feel disposed to exercise it mercifully, and accordingly shall enter judgment in favor of the plaintiff for twenty-one dollars, and costs.