ATCHISON, TOPEKA & SANTA FE R. R. Co., APPELLANT,
v. TANNER, APPELLEE.

1. PENAL STATUTE.
The act of 1887, providing that a railroad company shall be liable for
twice the full value of each animal killed by it, in case it fails to
comply with the statute by recording a description of the animal
and marking its hide, is a penal statute.
2. STATUTE OF LIMITATIONS.
The general rule in civil actions is, that the statute of limitations must
be pleaded or it is deemed waived; but in an action for a penalty a
defendant is entitled to the benefit of the statute under a plea de-
nying plaintiff's cause of action.
3. KILLING AND CONVERSION OF ANIMALS.
Where a railroad company kills an animal of another and converts the
same to its own use, it may be made liable in damages whether the
killing be negligent or otherwise.

*Appeal from the District Court of Fremont County.*

ACTION for damages for the destruction and conversion of
personal property and for penalties under the statute.

The causes of action in plaintiff's complaint are of four
kinds; the first five counts allege in substance that the de-
fendant company negligently ran its locomotive and cars
against and over, and thereby killed, seven certain American
steers of plaintiff of the alleged value of $35.00 each, and then
and there converted said steers to the use of defendant.   The
killing and conversion of the steers are alleged to have been
between November 10, 1888, and February 16, 1889.

The sixth count alleges the killing and conversion in like
manner of a certain steer, the property of one Phillips, and
that Phillips afterwards and before the commencement of
this action assigned and transferred his demand and cause
of action therefor to plaintiff for value.

The seventh count of the complaint is for the burning and
destruction of certain grass by the operation of defendant's
line of railroad, said grass being the property of plaintiff and
of the alleged value of $150.

The last five counts are founded upon the act of 1887, p. 420, which reads as follows :

" Every railroad company shall keep a book at its depot, in the county seat of each county, through which their road runs ; *Provided,* that said road runs or passes through the county seat.  If such railroad does not pass through the county seat, then such book shall be kept at its depot in the principal town in the county through which it passes.  And it is hereby made the duty of the said company to cause to be entered in said book, within fifteen (15) days after the killing of any animal, a description, as nearly as may be, of such animal, its color, age, marks and brands, and shall keep said book subject to the inspection of persons claiming to have animals killed.  And shall also attach to each hide or skin of each and every animal killed, and keep thereon a good and substantial tag, such as is commonly used as a shipping tag, upon which shall be plainly marked the color, age, marks and brands of such hide, corresponding with the entry of the description of such animal in the book as above provided.  And such tag shall be so attached in a good and substantial manner.  Should any company fail to keep said book, or to attach such tag, as above provided, to each and every hide or skin, or to file such notice in the manner herein provided, or to enter such notice therein in the manner in this act provided, or to enter therein such description of any animal killed, for a period of fifteen (15) days thereafter, such company shall be liable to the owner of such animal to an amount twice the full value thereof."

The last five causes of action allege the ownership and the killing of the seven steers of plaintiff of the alleged value of $35.00, as in the first five counts ; and thereafter it is alleged that the defendant company failed to keep the book provided by said statute for the entering of the description of animals so killed, and also failed and neglected to attach to the hides or skins of such animals a good and substantial tag, or any tag, with the color, age, marks and brands of such hide plainly marked upon it, corresponding to the entry in said

book, as provided by statute.   Each of the steers is alleged
to be of the value of $35.00, and in each of the last five counts
a recovery is prayed " in the sum and penalty of seventy dol-
lars."

At the close of plaintiff's evidence the trial court, on de-
fendant's motion, rendered a judgment of nonsuit as to the
first, second, third, fourth, fifth, sixth, and twelfth causes of
action ; and at the close of defendant's evidence the court
instructed the jury " to return a verdict for the plaintiff
upon the causes of action as to which the said motion for
nonsuit had not been sustained, which verdict is in words
and figures as follows, to wit :

" We the jury find the issues for the plaintiff in the fol-
lowing causes of the complaint :

" In cause seven, and assess his damages thereon at $80.00.

" In cause eight, and assess his damages thereon at $64.00.

" In cause nine, and assess his damages thereon at $192.

" In cause ten, and assess his damages thereon at $64.00.

" In cause eleven, and assess his damages thereon at
$64.00."

Judgment in favor of plaintiff was rendered on such ver-
dict.   Defendant appeals.

Mr. Charles E. Gast and Mr. C. D. Bradley, for ap-
pellant.

Messrs. Macon & Locke, for appellee.

Mr. Justice Elliott delivered the opinion of the court.

On this appeal errors and cross errors are assigned.   Plain-
tiff complains of the judgment of nonsuit as to causes of ac-
tion numbered 1, 2, 3, 4, 5, 6, and 12 ; defendant complains
of the verdict directed against it on the remaining causes of
action, except cause numbered 7 ; it was agreed on the trial
that the value of the grass destroyed was $80.00, and that
plaintiff was entitled to recover that amount.

1. The last five causes of action were for the recovery of twice the value of each of the animals killed respectively, as provided by the act of 1887, Session Laws, p. 420. This sum was expressly declared for as a "penalty." The several offenses for which a recovery of the penalty was sought were committed more than a year prior to the commencement of the suit. Defendant relies upon the following statute of limitations:

" All actions and suits, for any penalty or forfeiture of any penal statute brought by this State, or any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense is committed and not after that time." See General Statutes 1883, § 2170; 2 Mills' An. Stats. § 2907.

It requires no extended discussion to show that the act of 1887, upon which the last five counts of the complaint are based, is a penal statute. The act imposes a penalty upon a railroad company in a sum twice the full value of each animal killed for the failure of the company to comply with the terms of the statute in respect to recording a description of the animal and marking its hide; and this, whether the killing was negligent or otherwise.

The statute is not like one intended to remedy some defect of the common law—as where a right of recovery is given to the widow, children or personal representative of a person whose death has been caused by the wrongful act, neglect or default of another. The cause of action in such cases, though statutory, nevertheless springs out of the principles of the common law, and is equitable and remedial in its nature. Nor is the statute like those requiring railway companies to fence their lines of road, and providing that if they fail so to do they shall be liable for any animal killed while straying upon their unfenced track; for in such case it may be considered that the neglect to fence causes or contributes to the injury. The statute invoked by plaintiff in this case imposes a penalty for omissions to do certain acts which could not possibly have contributed to the killing of the animals, since

such omissions could not have occurred until after the killing. The statute upon which the last five causes of action are founded is clearly penal; and plaintiff evidently so regarded it when he sued for a recovery of twice the value of each animal as a "penalty." The validity of the act as a penal statute is not questioned in this case. *Wadsworth v. U. P. Ry. Co.*, 18 Colo. 600; *Joyce v. Means*, 20 Pac. Rep. 853; *Goodridge v. U. P. Ry. Co.*, 35 Fed. Rep. 35; *Barnett v. A. & P. R. R. Co.*, 68 Mo. 56; *Mo. Pac. Ry. Co. v. Humes*, 115 U. S. 512.

2. In the county court the statute of limitations was not pleaded; on appeal in the district court, however, the plea was interposed, but was struck out on motion of plaintiff.

The general rule in civil actions is, that the statute of limitations is a special privilege, and must be pleaded in apt time, or it is deemed waived. *Chivington v. Colo. Springs Co.*, 9 Colo. 597. But this rule does not apply to penal actions. The reason for the distinction is not difficult to understand. In an ordinary civil action the plaintiff asserts some legal or equitable right usually vested in himself independent of statute; and his right to recover is founded upon some claim or demand alleged to have *accrued* before the commencement of his suit. Hence the language of limitation acts applicable to such actions is, that they shall be brought within a limited time "after the cause of action shall accrue," or, "after the accruing of the cause of action." The language of the limitation act for penalties does not speak of the time when the cause of action *accrued*, but of the time when the offense *was committed* for which an action for a penalty may be brought. See Gen. Stats. (1883), chap. 66.

In a suit for a penalty the plaintiff has no cause of action independent of the statute; while the penal statute gives him the right to recover the penalty by suing for it, the limitation statute makes his cause of action dependent upon his bringing suit within a certain period; so that if he fails to bring his suit within such period he has no cause of action remaining.

Counsel for plaintiff concede that where a statute giving a new cause of action also provides that the action shall be commenced within a limited time, the action must be commenced within such time, or it cannot be maintained. But they contend that the rule is different where the limitation is in a separate act. We see no good reason for such distinction where the cause of action is for a penalty; the statute relied on by defendant expressly limits the time for commencing "all actions and suits for any penalty or forfeiture."

The plea of the statute of limitations in this case was proper, though not absolutely necessary; hence, the assignment of error as to the striking out of such plea need not be passed on. The time within which plaintiff might bring his action was of the essence of his cause of action, and so defendant was entitled to the benefit of the statute under a general plea denying the existence of plaintiff's cause of action. The action not having been brought until the expiration of one year *after the offense was committed*, plaintiff had no cause of action for the "penalty." See 2 Saunders's Reports, p. 63 and notes; also, *Pike v. Jenkins*, 12 N. H. 255; *Moore v. Smith*, 5 Me. 490; *Commonwealth v. Washington*, 1 Dana (Ky.) 446; *Estill v. Fox*, 7 T. B. Monroe, 552; *Watson v. Anderson*, Hardin (Ky.) 466; *The Harrisburg*, 119 U. S. 199.

3. The cross errors assigned require only brief consideration. The court was warranted in granting a judgment of nonsuit as to the fifth and twelfth causes of action; as to those counts, plaintiff practically abandoned his claim on the trial. But counts numbered 1, 2, 3, 4 and 6 state facts sufficient to constitute a cause of action, and the evidence under such counts was such as should have been submitted to the jury. It is true, the evidence did not show negligence on the part of the defendant company in killing the animals described in said counts; but the evidence did tend to show that the animals were converted to the use of defendant after the killing; and so the case should have been submitted to the

jury to determine the issue upon common law principles with due regard to the substantial rights of the parties.

As the case may be tried again, we shall not further discuss the evidence. The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with this opinion, neither party to recover costs against the other in this court.

*Reversed.*