ADNA H. PETTIS v. MARY McLARNE AND ANOTHER.[1]

December 29, 1916.

Nos. 20,060—(202).

**Deed — delivery to third person — intention of grantor — finding sustained.**

This case turns on the question whether a certain deed was ever delivered. The trial court found that it was not. There was evidence that it was given by the grantor to a third party. Delivery of a deed to a third party is a good delivery to the grantee only when the grantor evinces an intention to presently and unconditionally part with all control over it and that it shall take effect according to its terms. There is evidence in this case that the grantor did not evince such intention. The evidence sustains the finding of the trial court.

Action by Alice Volk Pettis in the district court for Le Sueur county to recover possession of a deed from defendant Mary McLarne to plaintiff, and to decree plaintiff to be the owner in fee of the premises, subject to the life estate of defendant Mary McLarne. The answer alleged that the deed had never been delivered to plaintiff or to any other person for her use and benefit. After the death of plaintiff the administrator of her estate was substituted as plaintiff. The case was tried before Morrison, J., who made findings and ordered judgment dismissing the action. Plaintiff's motion for additional findings was denied. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Thomas Hessian,* for appellant.

*Charles C. Kolars,* for respondents.

HALLAM, J.

Defendant Mary McLarne and a former husband signed and ac-

[1]Reported in 160 N. W. 691.

Note.—Generally upon the question as to whether delivery of deed to third person or for record by grantor is a delivery to grantee, see notes in 54 L.R.A. 865; 9 L.R.A.(N.S.) 224; 38 L.R.A.(N.S.) 941.

knowledged a deed of land owned by her, naming Alice Volk Pettis, a daughter, now deceased, as grantee, but reserving a life estate in the grantor. The case turns on the question whether the deed was ever delivered. The trial court found that it was not delivered.

It is conceded that the deed was left in the possession of a relative, Fred Volk. Plaintiff claims that it was the deceased who left the deed with Volk. If so, it may be presumed that the deed had been previously delivered to deceased by the grantor.

Defendant Mary McLarne denies that it was ever delivered to deceased.

There is testimony on behalf of defendants that the deed was left with Volk, not by deceased, but by defendant Mary McLarne, and that she left it with directions to Volk to keep it for her until she called for it, or, if she died while he still had possession of it, then to turn it over to Alice Volk Pettis if she survived. Defendant Mary McLarne later did in fact call upon Volk for the deed, and Volk delivered it to her and she destroyed it.

If the story on behalf of defendants is true, then, under all the authorities, there was no delivery of the deed. Delivery of a deed to a third person may be good delivery to the grantee, but it is a delivery to the grantee only when the grantor by some words or conduct evinces an intention to presently and unconditionally part with all control over it and that it shall take effect according to its terms. Barnard v. Thurston, 86 Minn. 343, 90 N. W. 574; Dickson v. Miller, 124 Minn. 346, 145 N. W. 112; Wortz v. Wortz, 128 Minn. 251, 150 N. W. 809; Innes v. Potter, 130 Minn. 320, 321, 153 N. W. 604; Renehan v. McAvoy, 116 Md. 356, 81 Atl. 586, 38 L.R.A.(N.S.) 941. This, according to the evidence on behalf of the defendants, the grantor did not do. The findings of the trial court are sustained by the evidence.

Order affirmed.