# RAYMOND EDWARDS v. SVEA FIRE & LIFE INSURANCE COMPANY, LTD.[1]

December 27, 1918.

No. 20,984.

**Delivery of deed — question for jury.**

1. Whether the handing of a deed to an officer of the grantee corporation was a delivery so as to pass title was, by the evidence, made a jury question, and their finding is amply sustained.

**Accord and satisfaction — evidence insufficient.**

2. Even if the pleadings had properly raised the issues, the evidence would not justify a finding of accord and satisfaction, or a relinquishment of the claim in suit.

**When witness may testify as to his intent.**

3. When the intention with which a person does an act is a material fact to be ascertained in a lawsuit, he may directly testify thereto when on the witness stand.

**Fire insurance — concurrent insurance.**

4. There was no competent evidence of other insurance that could avoid the defendant's liability.

Action in the district court for Hennepin county by the administrator of the estate of Zilpha Edwards, deceased, to recover $2,000 upon defendant's fire policy. Among other matters, the answer specifically denied that at the time of her death decedent was the owner in fee of the real estate, and alleged that before the fire decedent and her husband conveyed the real estate by deed without the consent of defendant and in violation of the terms of the policy. The case was tried before Hale, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $2,353.67. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

[1] Reported in 170 N. W. 206.

*G. W. Buffington,* for appellant.
*S. H. Child* and *P. L. Solether,* for respondent.

HOLT, J.

The action is to recover upon a fire insurance policy. Plaintiff had a verdict, and defendant appeals from the order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

The policy was issued to Zilpha Edwards and covered household goods, merchandise and the building occupied by Mrs. Edwards as her homestead in Otsego, Wright county, and wherein she conducted a country store. While the policy was in force a written contract, to which her husband was not a party, was made with the Sacramento Suburban Fruit Lands Company, whereby Mrs. Edwards agreed to exchange her homestead, the insured building and lot, for certain lands of the company in California. Because of some flaw in respect to the title of Mrs. Edwards' property which necessitated proceedings in court, there was some delay in closing the deal. But in the summer or fall of 1915 Mr. Edwards brought a deed of the property to the office of the land company. The president of the company said he could not close the transaction, not knowing the details, but told Edwards to leave the deed there until the return of Mr. Hoidale, the secretary and attorney of the company. This was done. On Mr. Hoidale's return he found the deed on his desk and, without inquiry, sent it to Wright county for record, and it was recorded October 16, 1915. The fire occurred October 31, 1915. The loss on the household goods and merchandise was adjusted and paid. The loss on the building was not recognized as a legitimate claim, on the ground that the Edwards had, before the fire, conveyed their title.

On the merits defendant contends that it is conclusively made to appear that before the fire occurred the insured had conveyed the real estate to the land company mentioned, thereby terminating the insurance. We think the question was properly left to the jury whether the leaving of the deed in the land company's office was intended as a delivery so as to pass title. The contract for exchange transferred no interest or title; for the property was a homestead, and the husband was neither named in, nor did he sign, the contract. The defendant makes much of the con-

tents of an adjuster's agreement, wherein Zilpha Edwards stated that the building was conveyed by the deed mentioned and that she relinquished any claim for loss on the same. But these statements were not conclusive. McManus v. Nichols-Chisholm Lumber Co. 105 Minn. 144, 117 N. W. 223. This adjuster's agreement was in the handwriting of the defendant's adjuster, and it appears from his testimony that the mere fact of the deed being recorded was conclusive proof with him that the title had passed. Zilpha Edwards died prior to the suit, and her version of how she came to sign that statement cannot be had. But it is easy to see that the adjuster would have little difficulty in convincing her that, as a matter of law, she could not dispute the title of the land company because of the fact that the deed had been put on record. While to a lawyer it is plain that, in order to pass title, an intention to accomplish that result must accompany the act of delivery (see cases cited in 1 Dunnell, Minn. Dig. § 2664), a layman may not have the same conception of the law. A deed may be delivered by a grantor to the grantee for examination or for some purpose other than to pass title. Such delivery does not convey the land. We think there is ample evidence in the case to justify the finding that title never passed.

In order to have closed the transaction, it was necessary that a mortgage of $400 should be placed on the California land so as to offset a like mortgage upon the Edwards homestead, and furthermore the delivery of a deed to the California land to Zilpha Edwards was to concur with the delivery by her of the deed to the land company. Neither the mortgage nor the deed to the California land was ever tendered. Furthermore the president of the land company expressly stated that he did not accept delivery; and Mr. Hoidale's testimony clearly indicates that he sent the deed for record without having in mind that his so doing was an acceptance. He says he found the deed upon his desk and concluded the proper thing to do was to record it, and he did so without a thought as to whether it had been delivered or not. No officer or agent of the land company testified to any claim that it had acquired title by the deed. Mr. Edwards, who left the deed with the president of the land company, and who had his homestead right in the property, testified that there was no intention on his part to deliver the deed for the purpose of passing title. He was not acting simply as agent for his wife,

but had a substantial interest in the transaction. Defendant was neither entitled to judgment nor a new trial on the ground that the evidence did not warrant the jury in finding that Mrs. Edwards and her husband had not conveyed the premises insured.

There is some contention that an accord and satisfaction conclusively appears, also that there was a relinquishment of the claim. It is sufficient to state that an accord and satisfaction was not pleaded. There was an effort to plead a relinquishment of the claim. We are of opinion that, regardless of the pleading, the undisputed facts show that there was neither accord and satisfaction nor a valid relinquishment of this claim. The liability for the loss on the household goods and the merchandise was clear and the amount thereof beyond controversy. Such amount was paid and nothing more. There was therefore an entire want of a legal consideration for the relinquishment of the loss on the building. Hale v. Dressen, 76 Minn. 183, 78 N. W. 1045; Ness v. Minn. & Colorado Co. 87 Minn. 413, 92 N. W. 333; Foster County State Bank v. Lammers, 117 Minn. 94, 134 N. W. 501; Weidner v. Standard L. & A. Ins. Co. 130 Wis. 10, 110 N. W. 246.

Error is assigned upon the rulings under which the parties who handled the deed were permitted to state their intention and purpose in the matter as to whether or not it was done with the intention to pass or accept title. We think there was no error here. When the intention of a person in doing a particular act is a material fact to be ascertained in a lawsuit, it is proper to ask him directly to state what his intention was. See cases cited under 1 Dunnell, Minn. Dig. § 3231. That the intention and purpose of the witnesses mentioned, in the disposition of the deed, was a material and relevant fact to be ascertained has already been pointed out.

There was an effort to establish that other insurance placed on the property, without the knowledge or consent of defendant, annulled this policy as to the building, but we think the proof wholly failed to show the existence of any other insurance.

The learned trial court submitted the only issue, we think, there was in the case in accord with the views hereinbefore expressed, and we find no reversible error in the record.

The order is affirmed.