CHRISTIAN KLINKERT, BY HIS GUARDIAN, WILLIAM C. FRANK v. KATIE STREISSGUTH, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF THOMAS KLINKERT, DECEDENT.[1]

April 16, 1920.

No. 21,677.

**Cancelation of deed — knowledge of grantor — evidence would not sustain contrary findings.**

1. The evidence sustains the findings of the trial court and would not sustain contrary findings.

**Appeal and error — no review of issues not pleaded nor litigated at the trial.**

2. Questions not presented by the pleadings nor litigated at the trial cannot be considered on appeal.

Action in the district court for Sibley county to set aside a deed on

[1]Reported in 177 N. W. 363.

the ground that it was obtained through false and fraudulent representations. The case was tried before Tifft, J., who directed the jury to answer in the affirmative the question set out in the second paragraph of the opinion, made findings and ordered judgment in favor of defendant. From an order denying his motion to amend the findings or for a new trial, plaintiff appealed. Affirmed.

*Bert O. Loe,* for appellant.

*W. C. & W. F. Odell* and *T. Otto Streissguth,* for respondent.

TAYLOR, C.

Plaintiff executed a deed to defendant on July 12, 1916, whereby, in consideration of the sum of $2,500, he conveyed to her all the interest which he then had, or should thereafter acquire by will or inheritance from Thomas Klinkert, in 13 lots in the village of Arlington, Minnesota, and also all the interest which he then had, or should thereafter acquire by will or inheritance, in the personal property of said Thomas Klinkert, and also all the claims, demands and causes of action which he then had, or should thereafter have, against the estate of Theodore Streissguth, deceased. Thomas Klinkert died on December 26, 1917. Plaintiff brought this action in July, 1918, to set aside and annul the above deed, on the ground that he had been induced to execute it by false and fraudulent representations that it conveyed only his interest in the Arlington lots. At the trial a jury was impaneled and the following question framed for submission to them:

"Did the plaintiff, at the time he executed the instrument in controversy, know the contents of such instrument and what he was signing?"

At the close of the evidence, the court directed the jury to answer this question in the affirmative, and thereafter made findings to the effect that plaintiff executed the deed with full knowledge of its contents, and directed judgment for defendant. Plaintiff moved for amended findings or for a new trial, and appealed from an order denying his motion.

Plaintiff contends that the finding to the effect that he executed the deed with full knowledge of its contents is not justified by the evidence.

Captain Klinkert was a resident of Arlington, Minnesota, for many years, and acquired considerable property. He was married twice.

145 M—22.

Defendant and Thomas Klinkert were the children of the first marriage. Plaintiff was the child of the second marriage. Thomas Klinkert suffered an injury when a small child, which rendered him mentally defective throughout his life, although he was robust physically. Captain Klinkert made a will, giving an equal amount of property to each of his three children, but giving Thomas only a life estate in the property assigned to him, and providing that on his death this property should go to defendant. The will also named defendant as guardian of Thomas. After making the will and shortly before his death, Captain Klinkert deeded a farm to plaintiff and another farm to Thomas. Defendant claimed that their father had intended that the farm deeded to Thomas should go to him for life only and then to her as if it had passed under the will. The lots in controversy are a part of this farm and belonged to Thomas absolutely. After the death of Captain Klinkert, defendant became guardian of Thomas and took him into her family and cared for him as a member thereof until his death 29 years later. Theodore Streissguth, defendant's husband, was guardian of plaintiff during his minority. When plaintiff became of age in 1905, the probate court settled his guardian's account, and, on the filing of a receipt from plaintiff that he had received all the property belonging to him, discharged the guardian. Soon after becoming of age plaintiff removed from Arlington to Wood Lake, Minnesota, where he has resided ever since. He seems to have claimed at times that Theodore Streissguth, his guardian, had not turned over to him all the property belonging to him. This was denied by Mr. Streissguth and plaintiff never made any attempt to enforce his alleged claim. Mr. Streissguth died October 3, 1915, and his estate was duly probated and a final decree entered, assigning it in accordance with the terms of his will.

Defendant's son, T. Otto Streissguth, acted for her in procuring the deed in controversy. He went to Wood Lake where he had a talk with plaintiff in the Citizen's Bank of that place, and, after agreeing on the terms, prepared the deed on the bank typewriter. He testified that he explained fully to plaintiff that defendant wanted a deed which would pass to her whatever property rights plaintiff might acquire by inheritance from Thomas, and which would also put at rest whatever claims plaintiff had been making against her deceased husband. He further

testified that, after preparing the deed, he read it to plaintiff, and explained it to him paragraph by paragraph. The cashier of the bank, who took the acknowledgment, testified that before taking the acknowledgment he asked plaintiff if he wanted to read the instrument, and that plaintiff answered that "he knew what was in it and that was all he wanted." Plaintiff, in his own testimony, stated that the instrument was read to him and that he read parts of it himself, and that he had made no claim at the time that he did not understand it.

The complaint alleged that plaintiff was mentally weak and unable to understand business matters, but no evidence was offered in support of this allegation, unless his own testimony that he did not understand this deed, and the fact he had squandered the property which he had received from his father, be taken as such evidence. He had transacted business for himself for more than ten years, and there is nothing in the record from which the court could find that he was not competent to transact such business at the time he executed the deed. The evidence not only sustains but compels the findings made by the court.

Plaintiff also insists that, insofar as the deed purports to convey his expectancy as an heir of his brother, it cannot be given effect, for the reason that, if such a deed is not absolutely void, the facts necessary to establish the validity of such a deed were not shown. This question was not presented by the pleadings nor litigated on the trial and therefore cannot be considered on this appeal. 1 Dunnell, Minn. Dig. § 401, and cases there cited.

Order affirmed.