No. 12,258.

AMERICAN NATIONAL BANK *v.* SILVERTHORN.

(287 Pac. 641)

Decided April 28, 1930.

Messrs. FILLIUS, FILLIUS & WINTERS, for plaintiff in error.

Mr. J. E. McCall, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

This action was instituted in the district court by Mary E. Elwood as plaintiff against John L. Silverthorn defendant. It has for its object the cancellation of two certain deeds of conveyance of the same real estate; one executed by plaintiff to her daughter Martha Elwood Silverthorn as grantee, one by Mrs. Silverthorn to her husband John L. Silverthorn. Plaintiff having died after the rendition of the judgment against her in the district court, this writ of error is being prosecuted by the plaintiff in error bank as substituted administrator. Since counsel for both sides themselves on this review refer to Mary E. Elwood, the deceased, as plaintiff, we shall do the same in this opinion.

For more than twenty-five years the plaintiff resided with her daughter Martha and Martha's husband, the defendant in this action, in the city of Denver in premises then owned by the plaintiff. In June, 1919, and during such occupancy, the plaintiff executed her warranty deed purporting on its face to convey to her daughter absolutely, for the expressed consideration of love and affection and $1.00, the premises in dispute, and delivered the deed to the daughter conditionally, as the complaint alleges, and upon the express agreement that such delivery was not to become effective as between her and her daughter, nor was title to pass, nor the deed to be recorded, unless the plaintiff grantor died before her daughter. The daughter died before her mother passed away. But before the daughter's death she executed and delivered to her husband, the defendant, a warranty deed of this same property and he, as grantee, accepted the deed with full knowledge that his wife, the grantor, had

no title in the property unless she survived the plaintiff, which she did not, and with full knowledge of the conditions concerning the delivery of the deed by plaintiff to her daughter, the latter the grantor of the defendant, as set out in the complaint.

The answer of defendant Silverthorn alleges that his wife conveyed to him the premises in dispute absolutely and that the deed of conveyance was without any condition or limitation whatever. The answer also contained the pertinent statute of limitation as a special defense. New matter in the answer is put in issue by the replication. Upon final hearing on the merits the trial court found the issues of fact and law for the defendant and dismissed the action.

■■ We cannot disturb this judgment. In so far as there is any material conflict in the evidence the trial court's findings are conclusive upon us because the same are grounded upon explicit and material evidence. Setting aside of such findings, therefore, is not justified by a reviewing court. Unless the court's finding that the deed of plaintiff to her daughter was delivered absolutely, not conditionally, is wrong, the deed of the daughter to her husband is valid and is a sufficient conveyance of the premises. That this deed of the mother to the daughter was actually manually or physically delivered by the plaintiff to her daughter is established by the evidence beyond peradventure. As we read the record there is no competent or probative evidence at all that it was not so delivered. We have read the entire evidence as it appears in the transcript and are in agreement with the trial court that the plaintiff signally failed to make out her case.

■■ There is some testimony by one or two of the witnesses for the plaintiff that during her lifetime the daughter said that the deed which her mother actually delivered to her was not to be recorded until after the death of the mother, but there is no evidence whatever that the deed was not actually manually delivered. Con-

sidering the relationship between the mother and the daughter and the love and affection which each had for the other, and considering the care which the mother received from the daughter for a long period of time, the consideration for the deed was legally sufficient. In Colorado, as generally in the states of the Union, unless there is an express statutory provision to the contrary, a deed of real estate to be effective as a conveyance or transfer of real estate, as between grantor and grantee, need not be acknowledged at all. In 1 C. J., p. 750, section 7, are collected a number of cases from the states of this country, including Colorado. The deed involved here, immediately upon its execution and delivery, notwithstanding the lack of acknowledgment, binds the parties and their privies. In *Knight v. Lawrence,* 19 Colo. 425, 36 Pac. 242, some of our cases are cited, including *Holladay v. Dailey,* 1 Colo. 460, which is our earliest case upon the subject, which was affirmed and approved in 19 Wall. (U. S.) 606, 22 L. Ed. 187.

The rights of innocent subsequent purchasers of property conveyed by an unacknowledged instrument may be protected, but not the privies in estate of the grantor. Aside from this the mother herself testified that she had always intended to give to the daughter this property absolutely. In her complaint for rescission and cancellation of her deed to the daughter she says her purpose in executing the deed was to avoid the necessity and expense of probate proceedings of her estate that would otherwise follow. The trial court believed and relied upon the testimony of witnesses which clearly shows an actual delivery by the mother to the daughter of the deed of conveyance of this property. The radical defect in the plaintiff's proof is the absence therefrom of any evidence that the mother's deed to the daughter was as matter of fact delivered conditionally.

The only conceivable limitation or condition that was in plaintiff's mind, if any, so far as this record discloses, relates to the record, not to the delivery, of her

deed. The delivery was absolute and unconditional. Even if the daughter might not properly file the deed for record until after her mother's death, this does not in any degree affect or invalidate the delivery of the deed which the evidence, as already stated, abundantly shows was not made on any condition whatever. Since the court below found, and we cannot disturb its finding, that the deed of plaintiff to her daughter was unconditionally delivered, there is no necessity for considering the further claim of the plaintiff that the alleged delivery was upon such a condition that a resulting or constructive trust was created that vests title to the property in the mother. If there was no such condition there could not be any constructive or resulting trust.

The judgment must be, and it is, affirmed.