## HAROLD J. SLAWIK v. IDA LOSETH.[1]

February 9, 1940.

No. 32,269.

[1]Reported in 290 N. W. 228.

*Louis B. Schwartz* and *Charles M. Bank,* for appellant.

*Kyle & Kyle,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order denying her blended motion for amended findings or new trial.

The action is one to quiet title to certain real estate in Anoka county. The complaint alleges ownership in fee simple and possession by plaintiff; that defendant "claims some right, title or interest in and to said premises, adverse to the said plaintiff by virtue of a certain deed [describing the instrument and the date of its record] * * * that said deed was without consideration, and in fact was never delivered to defendant." It is further alleged that "if some interest did vest in defendant by virtue of said deed such interest was a security only, and the nature and extent of her interest in said premises is inferior to the title of plaintiff." The prayer for relief is that plaintiff be adjudged the owner of the fee and that defendant be declared to have no right or interest in the premises; that in event the court should determine "plaintiff is not entitled to the whole of the relief prayed for" that the court adjudge "the nature and extent of defendant's" rights thereto. The answer alleged defendant's ownership in fee and otherwise denied the allegations of the complaint. She prayed for judgment accordingly.

The court made findings that plaintiff is the owner and in possession of the premises; that "defendant has not, nor has she ever had, any right, title, estate, lien or interest in or to said premises, * * * that no title thereto or interest therein was conveyed to or became vested in the said defendant by virtue of" the deed under which she claimed title; "that there was no intention on the part of the grantors in said deed to convey any right, title or interest in or to said premises to the said defend-

ant, and there was no intention on the part of the defendant to receive any right, title or interest" therein; "that the said deed was wholly without consideration, and was, in fact, never delivered to the defendant with the intention of vesting any right, title, estate, lien or interest in or to" the premises, "and never received by the said defendant with the intention of taking or acquiring any right, title, estate, lien or interest in or to said premises."

Defendant's motion for amended findings prays, in the alternative, for an order granting a new trial "on the ground that the said findings of fact of the court in this case * * * are not sustained or justified by the evidence, and are contrary to the evidence and contrary to law."

It will thus be seen that the only question presented on this appeal is whether the record sustains the court's findings. While defendant assigns numerous errors, the one mentioned is the only one properly here.

1. It is of course elementary that delivery of a deed is essential to a transfer of title. The essential elements of delivery are "the surrender of its control by the grantor, together with an intent to convey title thereby." Exsted v. Exsted, 202 Minn. 521, 524, 525, 279 N. W. 554, 557, 117 A. L. R. 554.

2. The question of intention is always important and obviously here is one of fact. O'Rourke v. O'Rourke, 130 Minn. 292, 153 N. W. 607. To the same effect is Pettis v. McLarne, 135 Minn. 269, 160 N. W. 691, where the court pointed out that delivering a deed to a third party was delivery to the grantee only when the grantor evinced an intention presently and unconditionally to part with all control of it, and that it should take effect according to its terms. See also Edwards v. Svea F. & L. Ins. Co. Ltd. 141 Minn. 285, 170 N. W. 206.

An examination of the entire record in this case not only establishes justification for the court's findings in respect to nondelivery but likewise makes it clear that a contrary finding would be difficult indeed to sustain.

3. As we have seen, the question is one of title. Defendant by her pleading, and on her motion for amended findings also, clearly and unequivocally limited her claim to the validity of the deed as an absolute conveyance. Neither by pleading nor proof is the instrument one claimed to be security for a debt. The present effort to bring that would-be issue into the case is unavailing as it was not before the trial court. Klinkert v. Streissguth, 145 Minn. 336, 339, 177 N. W. 363.

Order affirmed.

*Putnam & Carlson,* for respondent.

[1]Reported in 290 N. W. 225.