No. 16,653.

FOLEY v. CARNESI.
(232 P. [2d] 186)

Decided May 14, 1951.

Mr. JOSEPH D. NEFF, Mr. A. E. SMALL, JR., for petitioners.

Messrs. Long & Hyman, for respondent.

*En Banc.*

Mr. Chief Justice Jackson delivered the opinion of the court.

This is an adoption proceeding in which the natural mother, respondent here, was successful in the juvenile court in obtaining judgment vacating an interlocutory decree of adoption naming petitioners as the adoptive parents. The contending parties have signed an agreed statement of facts which includes the following:

December 17, 1949, petitioners filed petition seeking the adoption of the child. A relinquishment of rights and consent to adoption signed by the natural mother was attached to the petition. In addition, the natural mother signed a letter addressed to the juvenile court prior to the time she executed the formal relinquishment and consent, in which letter she made the simple statement: "I do hereby agree to the adoption of Robert Daniel Vincent by Thomas E. Foley and Dorothy June Foley." After hearing, and with these documents as a basis, the juvenile court, January 27, 1950, entered an interlocutory decree in adoption naming petitioners as the adoptive parents.

August 17, 1950, the natural mother filed petition to vacate the decree. Subsequent to a hearing on November 21, 1950, the court found that there had been no fraud, duress, undue influence or coercion in obtaining the consent of the natural mother to the adoption. The testimony showed that the natural mother desired to revoke her consent; that she had signed the relinquishment of rights and consent to adoption in the home of petitioners and had not subscribed and sworn to it before a notary public; that she was a minor and had not received notice by personal service or by publication, of the hearing on adoption held January 27, 1950.

The court entered its judgment vacating the decree in adoption on January 15, 1951, and based its ruling on section 12 (1), chapter 4, 1950 Cum. Supp. '35 C.S.A., S.L. '49, p. 207, §6 (1), reading: "Every petition for adoption shall be accompanied by written statements of consent, subscribed and sworn to by the persons giving such consent before a person authorized by law to administer an oath." In this case the necessary consent was not subscribed and sworn to before a person authorized by law to administer an oath.

The court's second ground for vacating the adoption decree is based upon section 8 of the amended act of the above-mentioned statute, reading as follows: "In the case of the adoption of a child, not a grandchild or stepchild of the petitioner or petitioners due notice of pending proceedings shall be given upon the filing of the petition by personal service, or by publication as the court may order, to any person or agency whose consent is necessary thereto, and to the adoptive child if over twelve years of age. [L. '49, p. 209, §8.]" The court held that there had not been a compliance with the foregoing section; that in this case the natural mother, being a minor, could not waive service, and that the record contained no showing of service of notice in the adoption proceeding.

1. Counsel for petitioners rely upon *In re Adoption of a Minor*, 144 F. (2d) 644, 156 A.L.R. 1001, and the various cases cited and discussed in the ensuing annotation beginning at page 1011 of A.L.R., under the subject, "Right of a natural parent, or other person, whose consent is necessary to adoption of child, to withdraw consent previously given." It is true that in the instant case this sixteen year old mother, subsequent to the adoption decree of January 1950, married, and now, having a home where she can properly care for her child, seeks to regain its custody. It thus is emphasized that she is asking to withdraw her consent. Actually, however, her position is that she never gave a valid consent to the

adoption of the child, and that was the position of the trial court in its ruling. The very statement at the beginning of the above mentioned annotation emphasizes this distinction: "While, as brought out in the earlier annotation, there is authority for the view that a natural parent's consent to the proposed adoption of a child, *duly given in compliance with a statute requiring such consent as a prerequisite to an adoption,* may be effectively withdrawn or revoked by the natural parent before the adoption has been finally approved and decreed by the court, and a few courts have indicated that the right to withdraw consent is absolute and not dependent upon any particular reason, it must now be said, in view of the later cases * * * that the trend of the more recent authority is toward the position *that where a natural person has freely and knowingly given the requisite consent to the adoption* of his or her child, and the proposed adoptive parents have acted upon such consent by bringing adoption proceedings, the consent is ordinarily binding upon the natural parent * * *." (Italics supplied)

 The point in this case is not whether the natural mother can now withdraw her consent, but whether her consent in the adoption proceedings of her child was "the requisite consent," in compliance with the statute. Counsel for petitioners argue that the failure to have the natural mother's consent properly acknowledged before a notary public should not invalidate the consent, any more than a failure to acknowledge a deed of conveyance to real property renders it invalid as a conveyance between grantor and grantee. *Durango Trust Co. v. Campbell,* 69 Colo. 49, 168 Pac. 1174; *Holladay v. Dailey,* 1 Colo. 460.

The adoption statute, however, does not require the notarial acknowledgment called for in conveyances of real estate. It would appear to require a jurat also executed by a public officer authorized to administer oaths. For the distinction see, 1 C.J.S., p. 778, §1, and *Billington*

*v. Dunn,* 217 Ky. 164, 289 S.W. 213, and *Lee James, Inc. v. Carr,* 170 Wash. 29, 14 P. (2d) 1113, cited therein.

The evidence shows that the respondent signed the consent in the presence of petitioners, and that it was not subscribed and sworn to as required by the statute. It is argued that in this case the evidence shows that there was no duress or fraud at the time respondent signed the consent, and that the purpose of having such a consent subscribed and sworn to is to lessen the possibility of duress or fraud. Admitting that this could be one purpose of that procedure, we still cannot say that the legislature did not intend that every consent by the natural parent to an adoption of a child should not be subscribed and sworn to for the purpose of emphasizing the seriousness and solemnity of the step being taken. It also should be emphasized that the person authorized by law to administer oaths or affirmations is a public officer, which of itself gives the transaction a more impressive setting and an atmosphere of finality.

It also is to be noted that in section 7, chapter 4, 1950 Cum. Supp., '35 C.S.A., the General Assembly expressed the purpose of the adoption statute as providing threefold protection of: "(1) the adoptive child, from unnecessary separation from his natural parents and from adoption by persons unfit to have such responsibility; (2) the natural parents from hurried and coerced decisions to give up the child; and (3) the adopting parents, by providing information about the child and his background, and guaranteeing them an undisturbed relationship with the child from and after the date of adoption. [L. '49, p. 206, §1.]" We believe the trial court was correct in holding this statutory, procedural step could not be ignored.

■ 2. It further appears that the respondent had no legal notice of the adoption proceedings, either by actual service or by publication. In the formal relinquishment of rights and consent to adoption which she signed, there was a waiver of notice of subsequent adoption proceed-

ings. As noted, the trial court ruled that there had been no compliance with section 8 of the statute, providing for due notice, and that any purported waiver by the natural mother was ineffective for the reason that, being a minor, she could not waive service. Counsel for the petitioners argue that section 12 (3), chapter 4, 1950 Cum. Supp., '35 C.S.A., should be interpreted so as to allow for waiver by a minor in an adoption proceeding. This reads as follows: "The minority of a natural parent shall not be a bar to such parent's consent to adoption, and the adoption shall not thereby be invalidated, provided, a court of competent jurisdiction has decreed the relinquishment of said child and affirmed subsequent adoption. [L. '49, p. 207, §6.]" It will be noted that this section applies simply to consent and not to waiver, and, in view of the expressed intent of the legislature to give the natural parents protection from hurried and coerced decisions to give up their child, we are of the opinion that the trial court was correct in not extending the meaning of the statute to include waiver of notice.

The judgment is accordingly affirmed.