## No. 18,281.

NOBLE R. FRIEND *v.* SARAH STANCATO.
(342 P. [2d] 643)

Decided July 20, 1959.

Mr. ALLEN W. BROADSTREET, Messrs. MOSES & DE-SOUCHET, for plaintiff in error.

Messrs. RUTH & RUSH, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties by name.

The case is before us on writ of error directed to a judgment of the district court of Chaffee county which decreed to Sarah Stancato a change of point of diversion of .96 cubic feet of water per second of time in the Boon Ditch, and assessed costs against protestant Noble R. Friend in the amount of $587.68.

Three points are argued by counsel for Friend as grounds for reversal of the judgment, which are as follows: (1) That the trial court erred in rejecting evidence offered by Friend tending to prove that he owned an interest in the water in question; (2) that the trial court failed to hear the objections to the decree asserted by Friend; (3) and that the trial court erroneously taxed items as costs which were not taxable under the statute.

With a priority date of May 1, 1867, the Boon Ditch has a decreed water right of 1.6 cubic feet of water per second of time, two-fifths of which is not involved in this action. Petitioner Sarah Stancato alleged ownership of three-fifths of the water thus decreed.

It appears that for many years the water claimed by Sarah Stancato had actually been diverted from the stream at the place to which she seeks to change the point of diversion, and from the comments of the trial court at the conclusion of the hearing it would appear that there are no diversions from the stream by other appropriators between the decreed diversion point and the place to which transfer is sought.

The trial court found that the change sought was only 125 or 150 feet distant from the decreed point of diversion. Actually, due to the fact that for more than fifty years the decreed water had not been diverted at the

point originally decreed, the actual point thereof could not be determined with certainty.

A pertinent statutory provision is to be found in C.R.S. '53, 147-9-22, as follows:

"Any *owner* *. * * desiring to secure * * * the modification of his decree by changing the point of diversion * * * may present to the court * * * a petition * * *." (Emphasis supplied.)

Protestant Friend desired to show that he owned a portion of the three-fifths interest claimed by Sarah Stancato. The evidence offered by him, and rejected by the court, allegedly tending to establish his interest in the water, consisted of a warranty deed dated July 20, 1955, in which Ruth Spino is grantor and Richard E. Wagner is grantee. This instrument contains the following statement:

"This Deed is a correction deed made to correct an omission in that certain Warranty Deed dated July 12, 1946 between the parties and duly recorded in Book 250 Page 250 Chaffee County Records."

The said correction deed purports to convey to Richard E. Wagner, in addition to the property described in the 1946 instrument, the following:

"* * * Together with the first and prior right to, and use of an undivided three-fifths (3/5) interest in and to the Boon Ditch No. 1 and an undivided three-fifths (3/5) interest in and to 1.6 cubic feet of water decreed to said ditch reserved in Warranty Deed dated April 9, 1923 and recorded in Book 197 at page 109, Chaffee County records for the proper and necessary irrigation of lands hereby conveyed."

Richard E. Wagner having purchased the property in 1946 conveyed the same to Friend, September 2, 1948. The 1955 deed from Ruth Spino to Wagner was not acknowledged and admittedly was not delivered to Wagner, the grantee named therein.

It is argued that delivery of the correction deed to the attorney for the present owner of all of Wagner's

interest, is a good delivery; that Wagner's warranty deed conveys all after acquired title; and that an acknowledgment is not essential to receipt of the deed in evidence if a witness is called who was personally present and can testify to the execution of the deed by the grantor. The attorneys for protestant made the following offer of proof:

"That Mr. Broadstreet, at the request of Noble Friend, contacted Mrs. Ruth Spino. Mrs. Ruth Spino had granted a need to Noble Friend's immediate predecessor in interest, Richard R. Wagner. In that deed, through error, no mention was made of the Boon Ditch water rights. Mrs. Post was contacted by Mr. Broadstreet regarding that matter. She agreed to sign a deed. After some discussion it was determined that Mr. Broadstreet was going out to California and would see Mrs. Post or Spino in California. A deed was prepared in the office of Mr. Broadstreet. It was taken out by Mr. Broadstreet in person to California, presented to Mrs. Ruth Spino in California and signed in the presence of Mr. Broadstreet. And there we have proof of execution. Mrs. Spino knew at the time that she was talking with an individual, Allen W. Broadstreet, who was an attorney-at-law and who represented at the time Noble R. Friend, who was a successor in interest to the title of Mr. Wagner.

"We submit that we can establish by this witness on his testimony as to what he saw and observed personally as to the execution of the instrument.

"And, secondly, that he was acting attorney for Mr. Friend, the successor in interest to Mr. Wagner, and that there was sufficient delivery of that deed to the person who had become the successor in interest to Mr. Wagner."

The offer was denied.

The decree of the trial court contains, inter alia, the following:

" * * * .96 cubic feet of water per second of time *owned* by Sarah Stancato * * *.

" * * * the .96 cubic feet of water * * * *owned* by the petitioner * * *.

" * * * an undivided 3/5ths interest * * * claimed and owned by the petitioner * * *.

"That .96 cubic feet * * * may hereafter be diverted by the petitioner as the sole owner of said water * * *." (Emphasis supplied.)

Carolina Posteraro was a common grantor of Stancato and Friend. The property claimed by Stancato was deeded to Carolina by Michele and Michela Velotta who placed the following language in the deed:

"Expressly excepting and reserving from the operation of this conveyance, however, and to the said first parties, their heirs and assigns, the first prior right to, and use of said herein conveyed ditch and water right for the proper and necessary irrigation of lands owned by said first parties * * *," lying south of the land now owned by Stancato.

Rights reserved to the grantor, if any, under the above quoted language were acquired by Friend through the "correction" deed which was offered in evidence, assuming that the instrument was valid. The grantor in the rejected deed, Ruth Spino, was at the time of the execution thereof the owner of any rights involved in the reservation. Friend complains that, by rejecting the offer of proof, and the deed, the trial court barred him from showing his ownership of the reserved rights; that a decree for change in point of diversion can only be granted to the "owners" of a water right; that the decree excludes him as an owner and purports to declare full ownership in Stancato; and that under these circumstances the entry of the decree by the trial court was erroneous.

## Questions to be Determined.

First: *Where an unacknowledged deed is offered in evidence, together with an offer to prove, by a witness, the due execution and delivery of said instrument by the grantor named therein; was it error to reject the*

deed as evidence because of the absence of an acknowledgment thereon?

▮ This question is answered in the affirmative. Numerous cases decided by this court have held that an unacknowledged deed may operate as a conveyance if the execution and delivery thereof is proven by competent evidence. *Holladay v. Dailey,* 1 Colo. 460; *Armor v. Spalding,* 14 Colo. 302, 23 Pac. 789; *Knight v. Lawrence,* 19 Colo. 425, 36 Pac. 242; *Durango Trust Co. v. Campbell,* 69 Colo. 49, 168 Pac. 1174; *American National Bank v. Silverthorn,* 87 Colo. 345, 287 Pac. 641. The purpose of an acknowledgment upon a deed was correctly stated in the case of *Colpitts v. Fastenau,* 117 Colo. 594, 192 P. (2d) 524, in which this court quoted Devlin on Real Estate as follows: " * * * to prove the execution of the conveyance, so as to insure its authenticity when presented for registration, and to enable it to be used in evidence without further proof of its execution by the grantor * * *." In the instant case "further proof of its execution" was offered and it was error to reject the offer of proof, and the deed should have been received in evidence if the offer of proof was sustained by evidence.

Second: *Where a deed is executed for the purpose of correcting an omission in the description of property conveyed by a prior warranty deed, and the correction deed is made to the grantee named in the first conveyance, and where the original grantee has conveyed his interest in the property by warranty deed prior to execution of the correction deed and actually knows nothing about it; is a delivery of the second deed to the successor in interest of the original grantee, or to his authorized agent, a sufficient delivery of the instrument to validate the correction deed?*

▮ This question is answered in the affirmative. In the instant case Spino conveyed to Wagner by warranty deed containing no specific description of the 3/5 interest to the Boon Ditch. However the deed did convey, "any

and all other water or water rights, ditches and ditch rights belonging to or in any wise appertaining to the real property hereinabove described." In 1948 Wagner conveyed to Friend the same property using the identical description contained in the deed received by him from Spino. In 1955 Spino executed the correction deed naming Wagner as grantee and delivered the instrument to the attorney for Friend. Spino then knew that the deed was for the benefit of Friend and parted with it with that understanding.

■ The warranty deed executed by Wagner to Friend was such as to transfer by operation of law all title or interest thereafter acquired by Wagner in the real estate sold. Actually the delivery of the deed was made to the only person who could benefit by its terms. By operation of law Wagner was eliminated as an interested person, and the interest conveyed to him on the face of the correction deed at once passed to Friend.

■ We think the following language from *Slawik v. Loseth,* 207 Minn. 137, 290 N.W. 228, is enlightening and applicable to the instant case:

"It is of course elementary that delivery of a deed is essential to a transfer of title. The essential elements of delivery are 'the surrender of its control by the grantor, together with an intent to convey title thereby.' *Exsted v. Exsted,* 202 Minn. 521, 524, 525, 279 N.W. 554, 557, 117 A.L.R. 554.

"The question of intention is always important and obviously here is one of fact. *O'Rourke v. O'Rourke,* 130 Minn. 292, 153 N.W. 607. To the same effect is *Pettis v. McLarne,* 135 Minn. 269, 160 N.W. 691, where the court pointed out that delivering a deed to a third party was delivery to the grantee only when the grantor evinced an intention presently and unconditionally to part with all control of it, and that it should take effect according to its terms. See also *Edwards v. Svea F. & L. Ins. Co., Ltd.,* 141 Minn. 285, 170 N.W. 206."

In the case at bar we must accept the offer of proof at

face value. It is clear that under the proof offered, "the grantor [Spino] evinced an intention presently and unconditionally to part with all control of it [the correction deed] and that it should take effect according to its terms." And giving effect to the deed according to its terms, in view of the fact that Wagner had conveyed by warranty deed to Friend, could only result in the vesting of the grantor's interest in Friend under the doctrine that a warranty deed transfers after acquired title. The deed offered by Friend should have been received in evidence.

We do not mean to infer from anything contained in this opinion that the tendered deed as a matter of law resolves the issues presented in favor of Friend. There is evidence in the record from which the court might determine that the water rights claimed by Friend had been abandoned by non-user, and there may be other defenses which were not brought forward due to the fact that the deed was rejected by the trial court. Upon rehearing, full opportunity should be given to consideration of such issues.

■ Another ground for reversal of the judgment relates to the assessment against protestant of all costs involved in the proceeding in the trial court. There is merit in the argument of counsel for Friend that many items were taxed as costs against him for which there was no legal liability. For the reason that a new hearing is necessary, we say no more on this subject other than to point out that items of expense connected with the petition for change in point of diversion, which are not incurred by reason of the protest, and costs wholly unrelated thereto should not be taxed against an unsuccessful protestant.

The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

MR. JUSTICE HALL not participating.