No. 19,327.

SARAH STANCATO *v.* NOBLE R. FRIEND.

(362 P. [2d] 400)

Decided May 22, 1961.

Messrs. RUSH & RUSH, for plaintiff in error.

Mr. ALLEN W. BROADSTREET, Messrs. MOSES & DESOUCHET, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

THIS writ of error is directed to a judgment and decree of the trial court entered following reversal and remand

in *Friend v. Stancato,* 140 Colo. 74, 342 P. (2d) 643, to which reference is made for a more complete statement of the facts and issues involved in the present proceeding.

Reversal of the prior judgment was occasioned in part by refusal of the trial court to receive in evidence a certain correction deed offered by protestant Friend. On October 5, 1959, further proceedings were held pursuant to the remittitur of this Court. After consultation between the trial court and counsel it was agreed that rather than have a complete trial de novo the second trial should take up where the first left off, whereupon Friend called a witness who identified the correction deed referred to and this deed was thereafter received in evidence without objection. This deed disclosed a conveyance to Friend's immediate predecessor in title of "the first and prior right to * * * an undivided three-fifths (3/5) interest in and to the 1.6 cubic feet of water" to which petitioner claims absolute ownership.

Following admission of the deed in evidence the parties proceeded to call some eighteen witnesses; and although the order of proof was perhaps not in accordance with the generally accepted practice, neither party complains that he or she was not given opportunity to fully present all evidence in support of their respective claims. Petitioner called some nine witnesses who variously testified that petitioner and her predecessors in title had for at least fifty years diverted the .96 cubic feet of water decreed to Boon Ditch No. 1 from the headgate of the Pinon Ditch for use on the Stancato property, and certain of these witnesses negated the possibility of *any* use by Friend or his predecessors in title of this same water. Conversely, Friend presented an equal number of witnesses, each claiming in varying degrees to have personal knowledge of the facts, who testified that on divers occasions of sufficient frequency to stop the running of any prescriptive statute, Friend and his predecessors in title had diverted the water in contro-

versy from the point of diversion fixed by the decree of June 19, 1890, and that water thus diverted was used on the so-called Friend property. Upon this state of the record the trial court again made detailed findings and entered a judgment and decree whereby it granted petitioner's request for a change in the point of diversion, but decreed that her "ownership" of the .96 cubic feet of water *was* subject to the right of Friend to a first and prior use thereof. In so holding, the trial court stated that insofar as the record title of the water in controversy is concerned, petitioner's "ownership" is subject to the exception or reservation, first to Friend's predecessor in title and now to Friend, of the right to a first and prior use thereof, and that Friend, or his predecessors in interest, had on divers occasions diverted the water under such first and prior right at the headgate of Boon Ditch No. 1; that the "evidence against abandonment [was] more persuasive than that in support of abandonment." By this ruling the trial court in effect held that petitioner's "ownership" of the disputed water was not absolute, but subject to the right of Friend to make a first and prior use thereof and that Friend had not lost this right thereto because of non-user amounting to abandonment.

█ Petitioner initially urges as error that by its judgment the trial court in effect quieted title to the disputed water right in protestant and that actually the trial court was without jurisdiction to try title in this type of a proceeding, which was brought under C.R.S. '53, 147-9-22, for the sole purpose of changing the point of diversion. C.R.S. '53, 147-9-22, provides, *inter alia,* that "Any *owner* * * * desiring to secure * * * the modification of his decree by changing the point of diversion * * * may present to the court * * * a petition * * *." (Emphasis supplied.) In conformity with this provision Stancato in her petition alleged that she "owned" the water. Although the purpose of the statute is primarily to provide a method for changing a point of diversion

and not to determine title to a disputed water right, ownership is a condition precedent to the right of a petitioner seeking to change the point of diversion of a water right. This identical question was resolved adversely to the petitioner in *Mannon, et al. v. Farmers' High Line Canal and Reservoir Company, et al.*, 145 Colo. 379, 360 P. (2d) 417. See also *Bates v. Hall*, 44 Colo. 360, 98 Pac. 3, where it is said:

"Under this statute we consider it necessary that a petitioner show a right to the use of a certain quantity of water from a public stream for irrigation as a condition precedent to obtaining a decree permitting a change in its point of diversion. *To decree in favor of such change where the volume is not fixed would probably lead to useless litigation between rival claimants and the water commissioner.*" (Emphasis supplied.)

Suffice it to say that under the present circumstances petitioner's contention that the trial court was without jurisdiction to determine and decree the nature and extent of her alleged "ownership" of the water which she seeks to divert from a new and different point of diversion is without merit. Indeed such is of necessity inextricably intertwined with the ultimate determination as to whether the point of diversion is to be changed. To hold otherwise would result in the "useless litigation" referred to in *Bates v. Hall*, supra.

Petitioner's remaining assignments of error relate essentially to the findings of fact made by the trial court. It is urged that the trial court misinterpreted and misunderstood the testimony of the various witnesses, all of which culminated in the allegedly erroneous finding that petitioner's ownership was subject to the right of Friend to a first and prior use of the water. More specifically it is urged that any record interest which Friend or his predecessors in title may have once possessed has now been lost through non-user amounting to abandonment or, conversely, that petitioner and her predecessors in title have by open, exclusive, hostile, notorious and ad-

verse use of the water gained a prescriptive right superior to any right of Friend to make a first and prior use thereof. Petitioner concedes that the testimony on these related issues is conflicting, but argues that the finding of the trial court was manifestly against the weight of the evidence. With this contention we do not agree. Careful examination of the voluminous record persuades us that there is ample competent evidence of sufficient substance to support the findings and judgment of the trial court. True, there is substantial evidence to support petitioner's theory of the case, but the trial court, not this court, is the trier of the facts. Under such circumstances the judgment should not, indeed can not, be disturbed. See *Andersen-Randolph Co. Inc. v. Taylor*, 146 Colo. 170, 361 P. (2d) 142, wherein cases are cited in support of the axiomatic proposition that findings of a trial court sitting without a jury are binding on review by writ of error unless the evidence is wholly insufficient to sustain them. In the instant case the evidence is ample to sustain the findings of the trial court and the judgment is therefore affirmed.