(616 P.2d 304)
No. 50,844

In the Matter of the Adoption of BABY TRENT.

Opinion filed September 12, 1980.

*Donald E. Bucher,* of Kansas City, for the appellant.

*Robert W. Harris* of Harris & Hills, of Kansas City, and *Lucia K. Leggette,* of Kansas City, Missouri, for the appellee.

Before FOTH, C.J., SWINEHART, J., and HARMAN, C.J. Retired, sitting by designation.

HARMAN, C.J. Retired: This is an appeal from an order denying an adoption of a minor child because the written consent of the natural mother was invalid for want of authority in the officer before whom its execution was acknowledged.

The child, the legitimate issue of appellee Valerie L. Trent and her husband Ronny L. Trent, was born July 25, 1978, in a hospital in Kansas City, Missouri.

In March or April, 1978, discussions began between appellee's sister and the sister of appellant Judy Hoover respecting the possibility of appellee's surrender of her expected child for adoption in view of the fact she already had a child, was on welfare, and her husband was a fugitive from justice. Eventually, appellee presented herself at the office, in Kansas City, Kansas, of appellants Hoovers' then counsel (not her present attorney) where consent was discussed, including the desirability of securing that

of her husband. Other discussions between the parties and appellants' counsel ensued.

On May 20, 1978, pursuant to counsel's suggestion, appellee produced her errant husband at counsel's office where Mr. Trent signed an undated consent to adoption form with the understanding the signature would be notarized by counsel's secretary subsequent to the expected child's birth. Later, events took their natural course without ado, culminating in the birth of Baby Trent July 25, 1978, in the Missouri hospital. Per plan, counsel had Mr. Trent's consent form completed to indicate that it was signed, dated and acknowledged before counsel's notary-secretary the next day.

On this eventful day—July 26, 1978—appellee telephoned appellant Judy to advise her of the birth and that she was willing to proceed with the adoption. Later the same day, appellee informed Judy she had changed her mind as to the adoption. Quickly, appellants' forces were mobilized with the result that, with help from appellee's mother, appellee changed her mind again and indicated her willingness to consent to the adoption. Almost immediately, appellants' then counsel appeared on the scene at the Missouri hospital with a consent form where it was signed by appellee before counsel's notary-secretary who was duly commissioned as a notary public in Kansas but not in Missouri. Appellants filed their petition for adoption July 27, 1978. Four days later, appellee hired counsel to help her regain Baby Trent, whom she had surrendered. She first commenced an action in habeas corpus but the writ was dissolved, and then on August 9, 1978, she filed her motion to dismiss the adoption proceedings on several grounds, including that of invalidity of her consent because it was not acknowledged as required by Kansas law.

Upon issues joined, the trial court held an evidentiary hearing and denied the petition for adoption because appellee's consent was not acknowledged as required by law. It did find that appellee's consent was voluntarily given, but did not rule on the propriety of the natural father's post-dated consent, nor do we in view of our conclusion that the trial court had no jurisdiction to act other than as it did on the main issue.

K.S.A. 59-2102, in pertinent part, provides:

"Before any minor child is adopted, consent must be given to such adoption:
"(1) by the living parents of a legitimate child . . . .

".  .  . Consent in all cases shall be in writing.  .  .  . [T]he written consent shall be acknowledged before an officer authorized by law to take acknowledgments  .  .  .  ."

A Kansas notary public has no authority to act beyond the boundaries of Kansas. K.S.A. 53-107.

"The consent by the natural parents to the adoption of their child, where required by statute, is regarded as an essential requisite to jurisdiction on the part of the court to render a valid decree of adoption." *In re Marsolf,* 200 Kan. 128, Syl. ¶ 4, 434 P.2d 1010 (1967).

Appellants would avoid the impact of the foregoing for several reasons. They assert there was substantial compliance with Kansas adoption requirements and the defect here is a mere technicality to be disregarded. No cogent argument or authority for this position is advanced and we know of none. This was not a case of a minor defect or error or an insubstantial deviation from proper form accompanying an otherwise valid acknowledgment, which normally will be overlooked. Here the defect went to the heart of the authority of the attesting officer to act at all, voiding the entire proceeding. This philosophy was the basis for the ruling in *Foley v. Carnesi,* 123 Colo. 533, 232 P.2d 186 (1951), wherein an adoption was voided for failure to comply with a statute requiring the consent to be subscribed and sworn to before a person authorized by law to administer an oath. See also cases cited in Annot., Adoption of Child—Consent, 24 A.L.R.2d 1127, 1133-1134, for the same result under similar circumstances.

Of no more merit is appellants' contention that appellee's written consent complied with Missouri law, and thereby should be sufficient under Kansas law. Missouri law, so far as is urged here, requires written parental consent for an adoption to be "acknowledged as conveyances of real estate are required to be acknowledged under the laws of this state, or in lieu of such acknowledgment, the signature of the person giving such consent shall be witnessed by the signatures of at least two adult persons whose addresses shall be plainly written thereon." Mo. Ann. Stat. § 453.030 (3) (Vernon). Appellants point out that four adults saw appellee sign the consent form at the hospital—appellants' counsel, his notary-secretary, a hospital social worker, and appellee's sister—and each so testified at the hearing, although none signed the consent form as witnesses. We will not, as urged, assay analysis of Missouri's adoption law to determine whether this

conduct constituted substantial compliance with it. It would avail appellants nothing if the four persons had affixed their names and addresses as witnesses to appellee's signature, this for the same reason the purported notarization was invalid—it didn't conform to Kansas law.

Appellants rely on the following in *Jones v. Jones,* 215 Kan. 102, Syl. ¶ 12, 523 P.2d 743, *cert. denied* 419 U.S. 1032 (1974):

"Consent to the adoption of a child given in writing pursuant to Maryland law, which is similar to Kansas law, is valid in an adoption proceeding conducted in the State of Kansas."

Reliance is misplaced. This action was a collateral attack upon an adoption decreed in Kansas. Written consent was admittedly executed and acknowledged in Maryland before a notary public and resort was had to the law of that state only to determine the capacity of the mother to give consent.

Finally, appellants urge that appellee should be equitably estopped to revoke her consent once given. This doctrine is not applicable here for a number of reasons, not all of which need be mentioned. Most importantly, the matter is statutory; also, among other reasons, absence of proper consent rather than "revoked" consent is involved, appellee can scarcely be held responsible for the defect in the written form, and she did move out promptly to reclaim her child.

The judgment is affirmed.