CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* MILLER.

Opinion delivered April 1, 1912.

1. VENUE—ACTION TO RECOVER PENALTY.—Kirby's Digest, section 6061, providing that "an action for the recovery of a fine, penalty or forfeiture imposed by statute" must be brought in the county where the cause or some part thereof arose, refers to an action for the benefit of the public, and not to private actions against a wrongdoer. (Page 152.)

2. SAME—ACTION TO RECOVER PENALTY.—An action against a carrier to recover a penalty for overcharge of fare, under Kirby's Digest, section 6068, may be brought in any county through or into which the defendant's road passes. (Page 153.)

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed.

*Thos. S. Buzbee, John T. Hicks* and *L. P. Biggs,* for appellant.

The court will take judicial notice that the line of railroad over which appellee traveled does not at any point touch Saline County. 93 Ark. 269; 10 S. W. 81; 27 S. W. 119; 57 S. E. 458; 11 S. W. 500; 71 S. W. 831; 57 Ind. 457; 94 Pac. 138.

This is an action for the recovery of a penalty and could properly be brought only in a county where some part of the cause of action arose. Kirby's Dig., § 6061; 22 Am. & Eng. Enc. of L. 654; 47 Ark. 344; 48 Ark. 301; 74 Ark. 364; 67 Ark. 357.

*J. O. A. Bush,* for appellee.

The court had jurisdiction. This suit is not the kind of action contemplated by section 6061, Kirby's Digest, but is based upon appellant's liability as a carrier. Its line of road passes through Saline County, and appellee therefore had the right to bring her suit in that county. Kirby's Dig., § 6068; 93 Ark. 45; 95 Ark. 283; 58 Ark. 440-1; Bouvier's Law Dict., "Penal Statutes;" 68 Ark. 433; 146 U. S. 657.

McCulloch, C. J.   The plaintiff, Mrs. Ella Miller, instituted this action in the circuit court of Saline County against the railway company to recover a penalty for overcharge of fare made against her which she was required to pay while a passenger from Hot Springs, Arkansas, to Malvern.

Upon a trial of the case below, the jury found in favor of the plaintiff, and assessed a penalty, and defendant appeals from the judgment.

The only question raised here is as to the jurisdiction of the Saline Circuit Court, it being insisted that the action is one to recover a penalty, and could only be brought in the county where the cause of action arose.   Defendant's line of railroad extends through Saline County, but the branch line, over which the plaintiff travelled in going from Hot Springs to Malvern, does not run through Saline County.   Therefore, the cause of action did not arise in that county.

A section of the Code of Civil Procedure which prescribes where actions shall be brought, reads as follws:

"Actions for the following causes must be brought in the county where the cause or some part thereof, arose:   First, an action for the recovery of a fine, penalty, or forfeiture imposed by a statute, except that where the offense for which the claim is made was committed on a watercourse or road which is the boundary of two counties the action may be brought in either of them."   Kirby's Digest, § 6061.

The statute which regulates railroad passenger rates prescribes a penalty for an overcharge, "to be recovered in a suit at law by the party aggrieved in any court of competent jurisdiction."   Kirby's Digest, § 6620.

A penalty prescribed by statute, whether the same is to be recovered for the benefit of the public or by the person injured or aggrieved, is in the nature of a punishment, and necessarily involves that idea.   *Woolverton* v. *Taylor*, 132 Ill. 197, 22 Am. St. 521.   But it is evident that our statute prescribing that an action to recover a fine, penalty or forfeiture refers to a public offense, and not to a forfeiture or penalty to be declared in favor of a person aggrieved or injured.

Mr. Bouvier, in defining the term "penal statute," says that, "strictly and properly, they are those laws imposing punishment for an offense committed against the State, which the

executive has power to pardon, and the expression does not include statutes which gives a private action against a wrong-doer."

Mr. Justice Gray, speaking for the Supreme Court of the United States in *Huntington* v. *Attrill*, 146 U. S. 657, said:

"Penal laws, strictly and properly, are those imposing punishment for an offense committed against the State, and which, by the English and American constitutions, the executive of the State has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the penalty imposed nor the remedy given is strictly penal."

The language of our statute makes it very clear that such is the proper construction of it, and that the words "penalty or forfeiture" were not intended to be used in the literal sense. The language of the exception clearly shows that it referred to an offense against the State committed on a road or water-course which is the boundary between two counties.

The Civil Code further provides that "an action against a railroad company  *  *  *  for an injury to person or property upon the road  *  *  *  of the defendant, or upon a liability as a carrier, may be brought in any county through or into which the road  *  *  *  of the defendant upon which the cause of action arose passes." Kirby's Digest, § 6068.

We are of the opinion that section 6061 applies only to penal actions instituted by the State, and that an action authorized to be brought by the individual injured or aggrieved by the act complained of is a liability of the carrier within the meaning of section 6068, and falls within that provision of the law. The circuit court of Saline County had jurisdiction, and the judgment is therefore affirmed.