DUNCAN LUMBER COMPANY *v.* BLALOCK.

Opinion delivered June 7, 1926.

1. CORPORATIONS—VENUE OF ACTION.—Under Crawford & Moses' Dig., §§ 1152, 1171, a transitory action against a domestic corporation should be brought in the county where the corporation has its principal place of business or in a county where it has a branch office or other place of business by service upon the agent or employee in charge thereof.

2. CORPORATIONS—VENUE OF ACTION—SERVICE OF PROCESS.—Under Crawford & Moses' Dig., § 1152, 1171, service of process in a transitory action against a domestic corporation, issuing from a court of the county where the corporation had a branch office and served on the manager of the principal office in another county where the corporation had its principal place of business, should have been quashed.

3. APPEARANCE—EFFECT OF TAKING APPEAL.—Though service of process upon a defendant was insufficient, and it entered its appearance specially by motion to quash the service, and preserved the objection throughout the trial, it will be *held* to have entered its appearance generally when it appealed to the Supreme Court.

Appeal from Scott Circuit Court; *John E. Tatum,* Judge; reversed.

*Pipkin & Frederick,* for appellant.

*A. F. Smith,* for appellee.

HUMPHREYS, J.  This is an appeal from a judgment in the sum of $255 obtained by appellee against appellant in the circuit court of Scott County upon the service of a summons directed to the sheriff of Polk County by the clerk of the circuit court of Scott County and served by said sheriff in Polk County on Phil T. Stevenson, manager of appellant's lumber plant at Eagleton, in Polk County. Before the rendition of the judgment, appellant appeared specially and filed a motion to quash the service, on the ground that it was a domestic corporation domiciled and with its principal place of business in Polk County.

The court heard testimony in support of and against the motion, and overruled same, over the objection and exception of appellant. The objection and exception was

preserved at each material step throughout the progress of the trial, and the only purpose of this appeal is to determine the correctness of the ruling of the court upon the sufficiency of the service.

The record relative to the issue of service reflects that appellant is a domestic corporation, with its principal place of business at Eagleton, in Polk County; that Phil T. Stevenson, a resident of said town and county, was its general manager, and was served in Polk County with process issued out of the circuit court of Scott County; that it operated several sawmills in Scott County as feeders to its principal mill and business at Eagleton, which were under the immediate control and management of J. B. Johnson; that process was not served or attempted to be served on him; that the action was transitory, being for lumber sold by appellee to appellant on open account; and that the suit was brought against appellant only.

Under our statutes a domestic corporation must be sued in the county in which it is situated or has its principal office or business, or in which its chief officer resides, or in a county where it has a branch office or other place of business, by service of process upon the agent or employee in charge thereof. Sections 1152 and 1171 of Crawford & Moses' Digest; *Beal-Doyle Dry Goods Co.* v. *Odd Fellows' Building Company,* 109 Ark. 77; *Fort Smith Lumber Co.* v. *Shackelford,* 115 Ark. 272.

In the instant case the only remedy was to have brought the suit in Polk County, the action being transitory, or else to have obtained service on the agent or employee in charge of the branch office or place of business conducted by appellant in Scott County, where the suit was brought. Neither course was pursued. The trial court should have sustained appellant's motion to quash the service, and committed reversible error in overruling it.

Appellant requests that the trial court be directed, in case of the reversal of the judgment and remand of the cause, to abate the action, unless and until proper

and legal service has been had upon it. Such direction cannot be given, for the reason that appellant has entered its appearance in the suit by taking an appeal to this court. *Beal-Doyle Dry Goods Co.* v. *Odd Fellows' Building Co., supra.*

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.