No. 12,687.

ROBBINS *v.* MCALISTER.
(16 P. [2d] 431)

Decided November 14, 1932.

Messrs. JOHNSON & LEH, for plaintiff in error.

Messrs. COEN & SAUTER, for defendant in error.

*In Department.*

MR. JUSTICE ADAMS delivered the opinion of the court.

WE refer to McAlister as plaintiff and to Robbins as defendant, their alignment at the trial. Plaintiff filed his action in the district court of Logan county, where the case was tried, to recover damages for personal injuries sustained in an automobile collision. A jury awarded actual damages in the sum of $3,215.46 and punitive damages in the sum of $100. Defendant brings the case here for review on writ of error.

Plaintiff charged defendant with negligence in parking his truck on the state highway in Morgan county in the night time, without a tail light burning. Plaintiff was a passenger by invitation, sitting in the back of another truck with his face to the rear, when the conveyance in which he was riding collided with defendant's parked truck. As a result of the collision, plaintiff was thrown to the ground and suffered serious injuries. The testimony of plaintiff shows, inter alia, that he suffered great pain; that it was ten days before he could turn his head; that he could not lie quiet for over thirty minutes at a time; that he suffered continuously; that it was twenty-five days before he could move his leg without help; that his shoulder was bandaged for six weeks; that at the time of the trial, which was about eight months after the accident, he had not regained the normal use of an arm; that

he expended $71.50 for doctor bills and expenses, $180 for help in his business, and lost profits from his business in the sum of $135 as a result. A physician who examined plaintiff testified that he found an overlapping of about an inch and a half of the outer third of the right clavicle, or collar bone, and a swelling there of about two and one-half inches. It was illustrated by X-ray pictures. The physician testified that the rotation of one of defendant's arms was reduced by about one-third as a result of the accident. Another physician, called by defendant, had also examined plaintiff, and testified to the fracture of the latter's collar bone, a protrusion of the skin above the point of fracture and a large callus around it; also as to certain tests from which a difference of approximately twenty-five per cent in the degree of flexion in plaintiff's limbs was ascertained and that the least flexion was found in the injured legs; that these conditions, brought on as a result of the accident, would to some extent interfere with plaintiff in the discharge of his business.

Summarized, the assignments of error are, the court erred: (1) In failing to grant a motion to change the place of trial from Logan county to Morgan county; (2) in refusing to give certain tendered instructions; (3) the verdict was excessive, and was rendered as a result of passion and prejudice.

1. In an action for tort, it has been the practice of long duration in this state to follow the 1921 Code of Civil Procedure, and particularly section 29 thereof, as interpreted in *Denver & R. G. R. R. Co. v. Cahill,* 8 Colo. App. 158, 163, 45 Pac. 285, as follows: "In an action for a tort, which is this case, the county where the defendant resides, and the county where the plaintiff resides and the defendant is served, and the county where the tort was committed, are equally proper counties for trial; and if the action is commenced in any one of those counties, the place of trial cannot be changed on the ground that the county designated is not the proper county."

The above is quoted with approval in *Carlson v. Rensink,* 65 Colo. 11, 12, 173 Pac. 542, and is the rule that we shall follow here. In the instant case, the action was brought in Logan county by a resident of that county, against a resident of Weld county, to recover damages for a tort committed in Morgan county. Service of summons was made on defendant in Logan county. The motion for change of place of trial from Logan county to Weld county was properly denied.

2. Defendant challenged plaintiff's allegation that the latter resided in Logan county when the action was commenced. The trial court took testimony on the point and determined it in favor of plaintiff. There was ample testimony upon which to base the ruling as to plaintiff's residence, although defendant contradicted it. "The dea of residence is compounded of fact and intention. It includes a location with an intent to remain there as a place of fixed, present domicile." *Merrill v. Shearston,* 73 Colo. 230, 235, 214 Pac. 540. Plaintiff showed that he formerly lived in Denver, but was unable to obtain work there, and purchased a filling station in the city of Sterling, in Logan county; that he moved to Sterling with the intention of making it his home and staying. The fact that plaintiff left his family in Denver is a circumstance urged by counsel for defendant against the bona fides of plaintiff's intentions to become a resident of Sterling. This, however, was only an incident, satisfactorily explained by plaintiff, who testified that the only reason for leaving his family in Denver was that his children had started to school in the latter city, and he wanted them to finish high school there. The trial court determined that plaintiff was telling the truth and we shall not gainsay it.

3. Counsel for defendant discusses the subject of plaintiff's qualifications as an elector, and the length of residence required for voting purposes, but this is not an election contest, and the duration of plaintiff's residence in Logan county is not involved. It is sufficient to

say that he lost his legal residence in Denver when he acquired it in Sterling.

■ 4. Upon the denial of the motion to change the place of trial to Logan county, defendant filed a second motion to change it to Morgan county, subject to the previous motion. The second motion was upon the theory that the action is to recover a penalty, because punitive damages were asked and awarded, and, under section 28 of the 1921 Code, actions to recover penalties must be tried where the cause arose. We do not agree with defendant that this is an action to recover a penalty; it is to recover compensatory damages; exemplary damages are only an incident, not the basis, of the cause of action. 17 C. J., p. 974, §270 C.; *Stockwell v. Brinton*, 26 N. D. 1, 15, 142 N. W. 242, 247. The last named case contains a discussion of some of the text writers on the subject.

■ 5. Such parts of the rejected instructions as contained a correct statement of the law applicable to the facts of the case were amply covered by instructions that were given, hence no error.

■ 6. We are unable to find anything in the record which causes us to believe that the verdict was excessive or that it was the result of passion or prejudice. The nature and extent of the injuries, as set forth generally in the above statement of fact, plaintiff's suffering, his expenses incurred and money lost while away from his work, and the corresponding measurement by the jury of resultant damages, all indicate that the jury approached and accomplished its task without passion, bias or prejudice. We must hold against this assignment of error, and we find nothing in the record to justify a reversal.

Judgment affirmed.

Mr. Justice Campbell and Mr. Justice Alter concur.