[Civ. No. 17316.   First Dist., Div. Two.   July 19, 1957.]

JOSEPHINE GREENINGER, as Executrix, etc., Appellant, v. NEW AMSTERDAM CASUALTY COMPANY et al., Respondents.

Joseph L. Bortin for Appellant.

Joseph G. Wilson for Respondents.

DRAPER, J.—Demurrer to amended complaint was sustained without leave to amend. Plaintiff appeals from the resulting judgment.

The amended complaint alleged: Appellant is executrix of the will of Roland C. Greeninger, deceased. Ten days before his death, decedent signed a deed to one Ruelle and wife. Decedent's long illness had weakened his mental faculties, and the deed was obtained by the Ruelles by fraud and without consideration. Respondent Connally is a notary public, and respondent corporation is the surety on his official bond. The day after decedent's signature of the deed, the notary executed and affixed to the deed his certificate that "before me . . . personally appeared Roland C. Greeninger, known to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same." In fact, Greeninger did not appear before the notary and did not acknowledge that he executed the deed. Two days after acknowledgment, the deed was recorded. Thereafter the Ruelles conveyed this property to bona fide purchasers for value. "As a direct and proximate result of said certificate of acknowledgment," the Ruelles were "enabled to and did convey said real property to said third parties. . . ." The Ruelles are unable to respond in damages. The prayer is for $4,000, less than the amount of the notary's bond. Respondents' demurrer is general only.

It is not denied that appellant has alleged "official misconduct or neglect of a notary public" for which he and his surety "are liable to the persons injured thereby for all the damages sustained." (Gov. Code, § 8214.)

The issue argued is that of proximate cause. Respondents cite cases wherein plaintiff was the grantee, and which hold that plaintiff-grantee must show his reliance upon the false acknowledgment. Respondents then argue that like reliance must be shown by any plaintiff claiming to be damaged by a false acknowledgment. Since a grantor does not so rely, they contend that no grantor can have a cause of action based solely upon falsity of an acknowledgment. We cannot accept this view, which is based wholly upon the chance circumstance that the plaintiffs in most of the reported cases on this subject have been the grantees. The statute in no way expresses the limitation for which respondents contend.

Logically, the requirement should be only that the false certificate is a proximate cause of plaintiff's loss. The precise

question has not been presented for decision in this state, although there is dictum in *MacBride* v. *Schoen*, 121 Cal.App. 321, 323 [8 P.2d 888], indicating the view that a grantor may recover. Recovery by a grantor has been approved in other jurisdictions upon this basis. (*Aetna Cas. & Surety Co.* v. *Commonwealth*, 233 Ky. 142 [25 S.W.2d 51]; *State* ex rel. *Nelson* v. *Hammett*, 240 Mo.App. 307 [203 S.W.2d 115].)

■ A deed must be acknowledged to be recorded. (Gov. Code, § 27287.) Recording of a deed constitutes constructive notice to all subsequent purchasers and mortgagees, (Civ. Code, § 1213) and gives it priority over an earlier purchaser or mortgagee whose deed is later recorded, (Civ. Code, § 1214). It is common knowledge that, as a result of these provisions, title insurance is normally issued only in favor of those grantees whose deeds are of record. Many purchasers will purchase land only if they can secure title insurance. It may be that appellant can, at trial, establish that the acknowledgment and recording of the deed to the Ruelles was an essential to their later sale to bona fide purchasers.

■ To sustain the general demurrer here, it would be necessary to hold, as a matter of law, that the false acknowledgment could not be a proximate cause of the injury resulting to appellant from the sale to innocent third parties. As indicated, this is a question of fact, and not of law. Appellant is entitled to an opportunity to present the facts supporting her claim that proximate cause exists.

Judgment reversed.

Kaufman, P. J., and Dooling, J., concurred.