CONCRETE, INC. *v.* ARKHOLA SAND & GRAVEL CO.

5-1517                                          311 S. W. 2d 770

Opinion delivered April 7, 1958.

*Hardy W. Croxton,* for appellant.

*Wade & McAllister* and *Daily & Woods,* for appellee.

MINOR W. MILLWEE, Associate Justice. The plaintiff-appellant, Concrete Inc., is an Arkansas Corporation with its office and plant located in Rogers, Benton County, Arkansas, where it engages in the sale of "ready mixed" concrete in and around that city. The defendant-appellee, Arkhola Sand and Gravel Co., is also a domestic corporation with its principal place of business at Fort Smith, Sebastian County, Arkansas and branch offices in Washington and Crawford counties.

On July 9, 1957, plaintiff filed suit against defendant in the Chancery Court of Benton County alleging: "That the defendant, Arkhola Sand and Gravel Co. is a duly authorized Arkansas Corporation. That said defendant has offices and plants at Fort Smith and Fayetteville, Arkansas. That the prices it charges for 'ready-mixed' concrete is a standard and uniform one within its territory except within the Rogers and Springdale territory. That the prices charged for its concrete in the aforesaid Rogers and Springdale territory are at *lower*[1] rates than those charged in other sections and cities served by defendant, after making allowance for transportation, grade, quality, and quantity, and that the sale of said concrete is made with the intent to destroy the competition of plaintiff, a regular established dealer in such product.

"That as a result of defendant's actions, the said Arkhola Sand and Gravel Co. has caused the plaintiff to suffer in excess of $10,000 damages, and for which it is entitled to treble damages.

"That said defendant, Arkhola Sand and Gravel Co. has further by collateral contract and other devices prevented the plaintiff from purchasing concrete materials from certain suppliers, whereby said plaintiff has been compelled to purchase said supplies at a higher price than otherwise would have been paid; and that said de-

---

[1] All italics supplied.

vice was used with the intent to destroy the competition of the plaintiff.

"That such collateral contracts and devices have injured and damaged the plaintiff herein in the sum of $8,500, and for which the plaintiff is entitled to treble damages."

The prayer of the original complaint was for judgment against defendant for three times the sum of $18,-500 and an injunction restraining it from charging the alleged lower rates or prices for its concrete within the Rogers and Springdale trade territory.

A summons directed to the sheriff of Sebastian County was served on defendant's president at its offices in Fort Smith prior to July 13, 1957, when the defendant appeared specially and filed its demurrer alleging it had no place of business or branch office in Benton County and objected to the venue and lack of jurisdiction of the Benton Chancery Court over its person under such service of process. On July 20, 1957, a hearing was held on the defendant's demurrer to the venue and jurisdiction at which certain stipulations of fact were entered into and incorporated in a court order which included the agreement that defendant did not maintain an agent, place of business or branch office in Benton County.

On August 1, 1957, plaintiff filed an amended complaint which, in addition to the allegations of the original complaint, further alleged: "That the defendant herein has sold its manufactured products at a *greater* cash value at some points in this state than at other points in said state after making due allowance for difference in cost of carriage or other necessary cost. That plaintiff herein is entitled to recover a further forfeiture from said defendant of not less than $200.00 nor more than $1,000 dollars." The prayer of the amended complaint also asked for an additional penalty against defendant of not less than $200.00 nor more than $1,000.

The instant appeal is from an order entered on September 11, 1957, sustaining the demurrer to the venue

and jurisdiction of the Benton Chancery Court over defendant's person and dismissing the complaint. Plaintiff insists the court's action is contrary to our venue statutes.

It is clear from the allegations of the original complaint that it was based solely upon an alleged violation by defendant of Act 253 of 1937 (Ark. Stats., Secs. 70-301 *et seq.*) which is known as the "Unfair Practices Act." This act prohibits the sale of any commodity, product or service at a *lower* rate or price in one portion of the state than it is sold by the same vendor in another part, after making certain allowances for differences in transportation costs, etc., with the intent to injure or destroy competition. Since the act contains no venue provisions the action against defendant is governed by Ark. Stats., Sec. 27-605 which fixes venue for actions against domestic corporations. In construing this statute along with Ark. Stats., Sec. 27-347 we have consistently held that a domestic corporation must be sued in the county in which it is situated or has its principal office or business, or in which its chief officer resides, or in a county where it has a branch office or other place of business, by service of process upon the agent or employee in charge thereof. *Fort Smith Lumber Co.* v. *Shackleford,* 115 Ark. 272, 171 S. W. 99; *Duncan Lumber Co.* v. *Blalock,* 171 Ark. 397, 284 S. W. 15. According to the pleadings and stipulations the defendant's principal place of business is in Sebastian county with branch offices in Washington and Crawford counties. It has no place of business in Benton county and none of its officers reside there. Hence an action against defendant under Act 253 of 1937 was not maintainable in Benton county and service of process on it in Sebastian county was properly quashed insofar as that act is concerned.

It is also clear that, by the amendment to the original complaint, plaintiff attempted to charge defendant with a violation of Act 183 of 1903 (Ark. Stats., Secs. 70-120 to 122). The first section of the act makes it unlawful to sell any manufactured product, coal oil or

dressed beef at a *greater* cash price at any place in this state than at other points therein after making due allowance for certain differences in transportation costs, etc. The second section fixes a penalty of $200.00 to $1,000 for each offense committed and the third section (70-122) provides that actions under the act may be brought "in any county in which the offense was committed . . ." In considering plaintiff's contention that this section fixed the venue in Benton county it should be noted that the amended complaint does not charge that the defendant sold its concrete at a *greater* price in Benton county than at other points. On the contrary the gravamen of the charge is that plaintiff was damaged by defendant selling its product at a *lower* price in Benton county than at other points. It is also apparent that under the 1903 act the Legislature intended to protect purchasers of the chattels mentioned from being overcharged while the intent of Act 253 of 1937 was primarily to afford protection to the competitor of a seller, which is the nature of the relief sought by plaintiff. So we conclude that plaintiff is not in position to invoke the venue provisions of the 1903 act.

Nor do we agree with plaintiff's further contention that venue of the instant suit lies in Benton county under the first subdivision of Ark. Stats., Sec. 27-602. This subsection provides that an action for the recovery of a fine, penalty or forfeiture imposed by statute must be brought in the county where the cause, or some part thereof, arose, except that where the offense was committed on a water-course or road which is the boundary of two counties, it may be brought in either of them. In *Chicago R. I. & P. Ry. Co.* v. *Miller,* 103 Ark. 151, 146 S. W. 485, the court held that this subsection applies only to penal actions instituted by the State for the benefit of the public and not to private actions against a wrong-doer like the instant proceeding. We still consider this to be a proper construction of the statute and adhere to it.

The trial court correctly concluded that venue of the instant suit was improperly laid in Benton county

and that it was without jurisdiction of the person of the defendant. Its action in sustaining the demurrer and dismissing the complaint is, therefore, affirmed.