KECK, APPELLANT, *v.* KECK ET AL., APPELLEES.

(No. CA-1-77—Decided June 29, 1977.)

*Mr. John Beringer Banks*, for appellant.
*Mr. Michael Allerding*, for appellees.

PUTMAN, J. This is an appeal in a civil case from the refusal of the Common Pleas Court to grant a money judgment against a notary public who acknowledged a purported but forged signature of the plaintiff on the title to his 1974 Ford stationwagon. The signature was forged by an unidentified man. The plaintiff's wife (a total stranger to the notary public) misrepresented to the notary public that the signer was her husband, Lawrence O. Keck (the plaintiff-appellant here).

The trial court held the notary public was not negligent. We reverse. A notary public in taking an acknowledgement is required by the provisions of R. C. 147.53 as follows:

"147.53. Taking an acknowledgement. The person taking an acknowledgement shall certify that:

"(A) The person acknowledging appeared before him and acknowledged he executed the instrument;

"(B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking

the acknowledgement had *satisfactory evidence* . that the person acknowledging was the person described in and who executed the instrument." (Emphasis added.)

In this case, the notary public totally failed to get any evidence that the person executing the instrument was the person he was represented to be under circumstances which would make any reasonable person suspicious. Appellee, Gerald Benson, the notary public, admitted on cross-examination as follows:

"Q. Are you also a notary public?

"A. Yes.

"Q. Were you on December 21, 1974, a notary public?

"A. Yes.

"Q. On December 21, 1974, did you notarize the signature of Lawrence O. Keck on this title?

"A. Yes.

"Q. Do you recall what happened that day as far as who came to see you about this and what was said? Did Mrs. Keck come in earlier that day?

"A. There was a lady came in and had the title that she wanted to sign her husband's name on transferring the vehicle from him to her. She stated that he was ill and that they wanted this vehicle transferred. I wouldn't allow her to sign his name. I told her either she had to bring him in or a notary would have to go to the house. She then left and some time later came back with a person who stated that he was Lawrence O. Keck. I notarized that signature and they then left.

"Q. What identification did you ask for?

"A. None.

"Q. You asked for no identification.

"A. No. When he signed that and swore to it to me that indicated that he was that person.

"Q. Now, the person that signed that title is he sitting here?

"A. I can't * * * I don't remember what the person looked like.

"Q. But you can't testify this is the person.

"A. I can't testify that is or is not.

"Q. Are you aware that there is a statute in Ohio requiring you as a notary public prior to taking an acknowledgement that you certify that the person * * * or that this person was known to you or that you had evidence that the person signing was the person described and the person who executed the instrument?

"A. Would you rephrase that again?

"Q. Let me put it in simpler terms. Are you aware that there is a statute in Ohio that requires that you either know the identity of the person or require the person who is identified in that instrument and signing the instrument requiring him to provide identification?

"A. I know that now, but I did not at that time."

A reasonable person in the position of the notary public should have at least been suspicious when a stranger tried to sign her husband's name on the representation that she wanted to do so because her husband was ill. The obvious inference was that he was too ill to accompany her. When she thereafter, upon the notary's refusal to take her signature for his, immediately produced a man whom she represented to be her husband the notary public in the exercise of ordinary care should have taken or required some satisfactory evidence of his identity. Moreover, he is required to do so by positive mandate of R. C. 147.53. We hold as a matter of law that the failure of the notary public to get some evidence independent of a stranger's representation that the man was her husband was negligent as a matter of law. The statute quoted above mandates the taking of "satisfactory evidence." We hold, as a matter of law, that the representation of a stranger that the man she brought in was her husband when she had just previously stated that her husband was ill, was not under all the circumstances *satisfactory evidence.*

Moving now to the question of damages, it was represented during oral argument on appeal that the husband had since recovered the car in conformance with the court's order. There is a stipulation as to the National Automobile Dealers Association average retail value as $4,325. However, there is no evidence of the value of the car as of

the time of recovery for the reason that when the case went to trial he had not yet recovered it. It was in Georgia. There is testimony that it needs $300 worth of repairs and that there are accumulated storage charges at the rate of either $2 or $3 per day as of August 19, 1976, and at that time the car had been held for nine months.

This record is insufficient to permit us to enter a final judgment as to the amount of dollars owing. For that reason this cause will be remanded to the Court of Common Pleas for further proceedings according to law including the determination of the amount of damages proximately caused to this plaintiff by the negligence of the notary public.

For the foregoing reasons, both assigned errors are sustained, the judgment of the Court of Common Pleas of Fairfield County is reversed and this cause is remanded to that court for further proceedings according to law consistent with this opinion.

RUTHERFORD, P. J., and DOWD, J., concur.