Blanche E. MOON, Plaintiff-Appellant,

v.

PLATTE VALLEY BANK, Regina K. Richmond Feldman, and Charles Perkins, Defendants-Appellees.

No. 80CA1069.

Colorado Court of Appeals, Div. II.

Sept. 24, 1981.

Reckseen & Lau, P.C., Joel Judd, Northglenn, for plaintiff-appellant.

Sherman & Howard, William L. Hunnicutt, Craig A. Christensen, Denver, for defendant-appellee Platte Valley Bank.

John R. Dent, Fort Lupton, for defendant-appellee Regina K. Richmond Feldman.

J. Lawrence Hamil, P.C., J. Lawrence Hamil, Lawrence R. Hitt, II, Denver, for defendant-appellee Charles Perkins.

PIERCE, Judge.

This is a negligence action. Plaintiff, Blanche E. Moon, appeals a summary judgment entered against her in favor of defendants Regina K. Richmond Feldman and Charles Perkins as to all claims. Plaintiff also appeals the summary judgment entered against her in favor of defendant Platte Valley Bank (the Bank) as to exemplary damages. We reverse.

In 1971, plaintiff's husband, William, established a line of credit at the defendant Bank. Over a period of four years the Bank made a series of loans to him. In 1975 the Bank declined to make a new loan or to extend William's past-due obligations unless or until he gave additional security. He agreed to do so by furnishing deeds of trust encumbering the Moon's jointly titled real property, a family residence and a welding business.

Defendant Perkins, a Bank officer, advised William that plaintiff would have to sign the deeds of trust. William told Perkins that plaintiff was too ill to come to the Bank and that he would take the documents to her for signing. Later, William presented the deeds of trust bearing what he represented to be plaintiff's signature. Perkins and Feldman, another Bank employee, compared the purported signatures with that of the Bank's record and concluded that the signatures were identical. The Bank's record contained documents on which the plaintiff's purported signature appeared. After the comparison, Feldman executed a written acknowledgement and affixed the notarial seal. Plaintiff denied signing the documents in the Bank record and claimed that her husband had forged her signature.

William defaulted on his payment, and, early in 1976, the Bank commenced foreclosure proceedings against the Moons' property. Plaintiff had no notice of these events until advised by a friend of publication of the legal foreclosure notice. Upon being advised of the alleged forgery, the Bank terminated its foreclosure proceedings.

The trial court previously granted summary judgment in favor of defendants except as to the complaint alleging damages resulting from the Bank's negligent commencement of the foreclosure proceedings against plaintiff's interest in the real property. Thereafter, another judge of the same court granted summary judgment in favor of defendants Feldman and Perkins against plaintiff's claim that their negligent notarization of the forged signatures in the deeds of trust proximately caused her mental anguish and resultant damages. Plaintiff first argues that the second judge erred in granting summary judgment after the first judge's ruling. We disagree.

Although a second judge is prohibited from making factual determinations as to a first judge's intent when he interprets an order issued by the first judge, he is allowed to make determinations regarding matters of law as to unresolved issues.

*Burt v. Burt*, 528 P.2d 427 (Colo.App.1974) (not selected for official publication); *see Sunshine v. Robinson*, 168 Colo. 409, 451 P.2d 757 (1969). By definition, summary judgment is granted as a matter of law. C.R.C.P. 56(c). In this case, a factual determination as to the first judge's intent was not made by the second judge. Moreover, the second judge only considered the proximate cause issue which had been excepted or unresolved in the earlier summary judgment ruling. Thus, here, the second judge properly made a determination regarding a matter of law.

Plaintiff next contends that the second judge erred in premising the summary judgment he entered in favor of defendants Feldman and Perkins on a determination that their notarization did not cause plaintiff injury. We agree with plaintiff.

 The issue here is whether the negligent notarization by defendants was a proximate cause of plaintiff's injuries. While an unacknowledged deed may operate as a conveyance if the execution or delivery is proven by competent evidence, the purpose of notarizing an acknowledgement is to prove the execution of a conveyance and to assure its authenticity. *Friend v. Stancato*, 140 Colo. 74, 342 P.2d 643 (1959). The trial court apparently concluded that Feldman and Perkins could not have proximately caused injury to plaintiff because the Bank could have foreclosed regardless of the notarization.

An unresolved material factual issue remains, however. The defendants' notarization may have facilitated the filing of the foreclosure action which allegedly caused plaintiff's injury. Whether the Bank would have in fact filed a foreclosure action without the plaintiff's notarized signature is disputed. Competent evidence other than the plaintiff's notarized signature may not have existed to prove her alleged execution of the deeds of trust. It may be established that only the notarization served as proof of the alleged execution for foreclosure pur-

poses. In addition, it is questionable whether the Bank would have renewed any of William's loans if the executed deeds of trust had not been notarized.

 Proximate cause is a question of law "for the court only in the clearest cases when the facts are undisputed and it is plain that all intelligent persons can draw but one inference from them." *Barker v. Colorado Region Sports-Car Club of America, Inc.*, 35 Colo.App. 73, 532 P.2d 372 (1974). Here, the trier of fact must determine whether the defendants' negligent notarization proximately caused plaintiff's injury, if any. *Greeninger v. New Amsterdam Casualty Co.*, 152 Cal.App.2d 645, 313 P.2d 607 (1957); *Keck v. Keck*, 54 Ohio App.2d 128, 375 N.E.2d 1256 (1977). Consequently, the granting of summary judgment in favor of defendants Feldman and Perkins was error.

 Finally, plaintiff argues that the trial court erred in granting summary judgment in favor of the Bank on plaintiff's claim for exemplary damages premised on its determination that such claim was barred by the one year statute of limitations set forth in § 13–80–104, C.R.S.1973. We agree.

In *Jones v. Harding Glass Co.*, Colo.App., 619 P.2d 777 (1980), (cert. granted November 24, 1980) this court held that § 13–80–104, C.R.S.1973, does not apply to exemplary damage claims.

The judgment is reversed and the cause is remanded with directions for further proceedings consistent with this opinion.

STERNBERG and TURSI, JJ., concur.