EHRLICH FEEDLOT, INC.; Ronald O. Ehrlich, as Agent; Robert E. Ehrlich, as Agent; Otto Ehrlich, individually and as Trustee of the Otto Ehrlich Trust; Esther Ehrlich, individually and as Trustee of the Esther Ehrlich Trust; and Ehrlich Farm Company, Inc., Plaintiffs–Appellants,

v.

R. Sam OLDENBURG; Stow L. Witwer, Jr.; and Witwer, Oldenburg, Barry, and Bedingfield LLP, Defendants–Appellees.

No. 04CA0775.

Colorado Court of Appeals, Div. II.

April 20, 2006.

As Modified on Denial of Rehearing June 1, 2006.

Certiorari Dismissed Aug. 7, 2006.

§ 24–51–1105, C.R.S.2005.

Musgrave & Theis, P.C., B. Lawrence Theis, Bobbee J. Musgrave, Steven J. Perfrement, Stephen D. Rynerson, Denver, Colorado, for Plaintiffs–Appellants.

Haddon, Morgan, Mueller, Jordan, Mackey, & Foreman, P.C., Saskia A. Jordan, Rachel A. Bellis, Ty Gee, Denver, Colorado, for Defendants–Appellees.

NEY [*], J.

In this action for breach of fiduciary duty against a former attorney, plaintiffs, Ehrlich

---

* Sitting by assignment of the Chief Justice under    provisions of Colo. Const. art. VI, § 5(3), and

Feedlot, Inc., Ehrlich Farm Company, Inc., Ronald O. Ehrlich, Robert E. Ehrlich, Otto Ehrlich, and Esther Ehrlich (collectively Ehrlich), appeal the trial court orders granting the motions of defendants, R. Sam Oldenburg, Stow L. Witwer, Jr., and Witwer, Oldenburg, Barry and Bedingfield, LLP. (Oldenburg Law Firm), for (1) change of venue, (2) summary judgment for failure to file a certificate of review in violation of § 13–20–602, C.R.S.2005, and (3) summary judgment regarding economic damages. Ehrlich also appeals the trial court order dismissing the civil theft claim. We affirm.

In the 1980s, Ehrlich borrowed money from Wells Fargo to finance farming activities. The notes were secured in part by property owned by Ehrlich Feedlots, Ronald Ehrlich, and Robert Ehrlich. Ehrlich defaulted on the notes, and Ehrlich's attorneys, defendants Witwer and the Oldenburg Law Firm, assisted in renegotiating the notes to avoid the pending foreclosure. However, Ehrlich defaulted again.

To avoid a foreclosure action by Wells Fargo, Ehrlich entered into an agreement with Robert Magness, who purchased the notes from Wells Fargo. Ehrlich subsequently defaulted on the agreement with Magness.

In 1996, Magness died. In 1998, the Magness Estate, represented by attorney Jack Levine, filed a foreclosure action. Levine engaged Oldenburg to act as local counsel in the Weld County action. Ehrlich objected to Oldenburg's involvement in the action, and Oldenburg withdrew. Ehrlich eventually settled with the Magness Estate.

In 2000, Ehrlich filed this action in Denver District Court against Witwer, Oldenburg, and the Oldenburg Law Firm (Oldenburg defendants) alleging, among other things, breach of fiduciary duty and civil theft, pursuant to § 18–4–405, C.R.S.2005. Levine and his law firm (Levine defendants) were added as defendants two weeks later.

The Oldenburg defendants moved for change of venue to Weld County. The trial court granted the motion, concluding that § 18–4–405 imposed a statutory penalty

§ 24–51–1105, C.R.S.2005.

which required the court to transfer venue to Weld County pursuant to C.R.C.P. 98.

In 2002 and 2003, the Oldenburg and Levine defendants filed numerous motions for summary judgment. As relevant here, the Levine defendants' fifth motion for summary judgment challenged Ehrlich's claim for damages, and the eighth motion for summary judgment requested dismissal of the action based on Ehrlich's failure to file a certificate of review under § 13–20–602. The Oldenburg defendants joined in both of these motions.

In May 2003, Ehrlich and the Levine defendants settled, and the Levine defendants were dismissed from the action.

In July 2003, the trial court granted the Oldenburg defendants' fifth motion for summary judgment on Ehrlich's economic damages claims.

In January 2004, as relevant here, the trial court denied the Oldenburg defendants' remaining summary judgment motions, including the motion alleging that Ehrlich had failed to file a certificate of review under § 13–20–602. The trial court concluded that because Ehrlich alleged breach of fiduciary duty, and not negligence, a certificate of review was not required to support those claims.

Shortly after the trial court issued its ruling, the Oldenburg defendants filed another motion to dismiss for lack of a certificate of review and argued dismissal of Ehrlich's claims was mandatory pursuant to § 13–20–602. In response, the trial court ordered Ehrlich to show cause why the case should not be dismissed for failure to file a certificate of review. Upon considering Ehrlich's response, the trial court reversed its previous order, granted the Oldenburg defendants' motion, and dismissed all of Ehrlich's claims.

I.

■ Ehrlich first contends the trial court erred in granting defendants' motion to change venue based on C.R.C.P. 98(b)(1), and in concluding that § 18–4–405 imposes a statutory penalty. We disagree.

We have found no Colorado case addressing whether § 18–4–405 imposes a "penalty" within the meaning of C.R.C.P. 98. Therefore, Ehrlich's contention raises an issue of first impression in Colorado.

■ Generally, a decision to grant or deny a motion for change of venue is within the discretion of the trial court, and the court's decision will not be disturbed on appeal absent an abuse of discretion. *Mohler v. Park County Sch. Dist. RE–2,* 32 Colo.App. 388, 515 P.2d 112 (1973). However, where, as here, the trial court ruled as a matter of law that C.R.C.P. 98(b)(1) requires a change of venue because § 18–4–405 imposes a statutory penalty, our review is de novo. *See Evans v. Romer,* 854 P.2d 1270 (Colo.1993).

■ When interpreting a statute, we give effect to the intent of the general assembly and avoid an interpretation that would defeat the obvious intent of the legislature. *See, e.g., Colo. Office of Consumer Counsel v. Pub. Utils. Comm'n,* 42 P.3d 23 (Colo.2002).

C.R.C.P. 98(b)(1) requires that actions for "the recovery of a penalty or forfeiture imposed by statute" be tried in the county where "the claim, or some part thereof, arose."

Section 18–4–405 provides:

All property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to such property. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees; but monetary damages and attorney fees shall not be recoverable from a good-faith purchaser or good-faith holder of the property.

■ The distinction between a penal statute and a remedial statute is not always clear. Generally, a penal statute creates a new and distinct statutory cause of action and requires no proof of actual damages as a condition precedent to recovery. *See Palmer v. A.H. Robins Co.,* 684 P.2d 187 (Colo.1984). Further, statutes imposing penalties that benefit the public are more likely to be treated as penal than those benefiting individuals. *Carlson v. McCoy,* 193 Colo. 391, 566 P.2d 1073 (1977); *see Concrete, Inc. v. Arkhola Sand & Gravel Co.,* 228 Ark. 1016, 311 S.W.2d 770 (1958); *Chicago, R.I. & P. Ry. v. Miller,* 103 Ark. 151, 146 S.W. 485 (1912).

However, statutes that impose a penalty are not necessarily "penal" statutes for purposes of determining venue. For example, exemplary damages are not a "penalty" for purposes of determining venue because the exemplary damages are incidental to the recovery of the compensatory damages that form the basis for the underlying claim. *See Robbins v. McAlister,* 91 Colo. 505, 16 P.2d 431 (1932); *Moon v. Platte Valley Bank,* 634 P.2d 1036 (Colo.App.1981); *Jones v. Harding Glass Co.,* 44 Colo.App. 437, 619 P.2d 777 (1980), *vacated on other grounds,* 640 P.2d 1123 (Colo.1982).

Section 18–4–405 provides for treble damages. Generally, treble damages serve to punish and deter the proscribed conduct and to promote private enforcement of a statute. *Farmers Group, Inc. v. Williams,* 805 P.2d 419 (Colo.1991); *Carlson v. McCoy, supra.*

■ Statutes that provide for both actual and treble damages are both penal and remedial in nature. *Giampapa v. Am. Family Mut. Ins. Co.,* 64 P.3d 230 (Colo.2003)(characterizing treble damages as a statutory penalty or an enforcement mechanism); *Lexton–Ancira Real Estate Fund v. Heller,* 826 P.2d 819 (Colo.1992); *Group, Inc. v. Spanier,* 940 P.2d 1120 (Colo.App.1997) (treble damages provision in § 13–21–109(2), C.R.S.2005, creates a penalty and is not intended merely to compensate).

■ Treble and exemplary damages serve similar purposes, and a plaintiff may not recover treble damages and exemplary damages premised on the same facts. *Lexton–Ancira Real Estate Fund v. Heller, supra.* However, treble damages, unlike exemplary damages, are not always incidental to compensatory damages.

Section 18–4–405, for example, permits the rightful owner of property obtained by theft, robbery, or burglary to recover two hundred dollars or three times the amount of the actual damages sustained." Although the amount of damages awarded pursuant to § 18–4–405 may be calculated based on actual damages, the statute otherwise provides for damages irrespective of actual pecuniary loss.

The calculation of a statutory penalty can be determined based on actual damages. *See Farmers Group, Inc. v. Williams, supra* (statutory action for treble damages under § 38–12–103, C.R.S.2005, calculated based on actual damages is penal for purposes of one-year statute of limitations because treble damages award constitutes an independent statutory "penalty or forfeiture"); *Carlson v. McCoy, supra; Atchison, Topeka & Santa Fe R.R. v. Tanner,* 19 Colo. 559, 36 P. 541 (1894)(a penalty in an amount of twice the value of each animal killed was a statutory penalty).

Further, while treble damages may actually be awarded to an individual, it is the public interest that is served through the deterrent effect of those damages. *Carlson v. McCoy, supra; Addiss v. Logan Corp.,* 23 N.J. 142, 128 A.2d 462 (1957).

We therefore conclude the treble damages provision of § 18–4–405 imposes a statutory penalty governed by C.R.C.P. 98. We further conclude the trial court did not err in granting defendants' motion to transfer venue to Weld County.

## II.

■ Ehrlich next contends the trial court erred by granting defendants' motion for summary judgment and ruling that Ehrlich failed to file a certificate of review in violation of § 13–20–602. We disagree.

■ We review the trial court's grant of summary judgment de novo. *BRW, Inc. v. Dufficy & Sons, Inc.,* 99 P.3d 66 (Colo.2004).

Summary judgment is appropriate when the pleadings and supporting documents clearly demonstrate that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.

C.R.C.P. 56(c); *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.,* 90 P.3d 814 (Colo. 2004). The nonmoving party is entitled to the benefit of all favorable inferences that may be drawn from the undisputed facts, and all doubts as to the existence of a triable issue of fact must be resolved against the moving party. *Martini v. Smith,* 42 P.3d 629, 632 (Colo.2002).

## A.

Ehrlich argues § 13–20–602 does not require a certificate of review to support a claim for breach of fiduciary duty. We disagree.

Section 13–20–601, C.R.S.2005, sets forth the purpose of the statutory scheme governing actions against licensed professionals, as follows:

The general assembly hereby declares that, in enacting this part 6, the general assembly has determined that the certificate of review requirement should be utilized in civil actions for *negligence* brought against those professionals who are licensed by this state to practice a particular profession and regarding whom expert testimony would be necessary to establish a prima facie case.

(Emphasis added.)

Section 13–20–602(1)(a), C.R.S.2005, provides in part:

In every action for damages or indemnity based upon the alleged *professional negligence* of ... a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each ... licensed professional named as a party ... within sixty days after the service of the complaint ... against such person unless the court determines that a longer period is necessary for good cause shown.

(Emphasis added.)

■ Accordingly, a certificate of review is required where (1) the claim against a licensed professional is based on professional negligence, and (2) expert testimony is required to establish a prima facie case. *Martinez v. Badis,* 842 P.2d 245 (Colo.1992).

Although § 13–20–602 refers to professional negligence, courts have interpreted the statute to require a certificate of review for some claims based on breach of fiduciary duties. *See Martinez v. Badis, supra; Aller v. Law Office of Schriefer, PC,* 140 P.3d 23, 2005 WL 1773878 (Colo.App. No. 04CA0003, July 28, 2005).

In *Martinez,* the supreme court stated that § 13–20–602 "does not apply only to 'negligence claims," but rather a certificate of review is required for "all claims against licensed professionals wherein expert testimony is required to establish the scope of the professional's *duty* or the failure of the professional to reasonably conduct himself or herself in compliance with the responsibilities inherent in the assumption of the *duty.*" *Martinez v. Badis, supra,* 842 P.2d at 251–52 (emphasis added).

■■■ A plaintiff claiming breach of fiduciary duty arising from the attorney-client relationship must establish the applicable standard of care and the defendant's failure to adhere to that standard. *Martinez v. Badis, supra; Crystal Homes, Inc. v. Radetsky,* 895 P.2d 1179 (Colo.App.1995)(expert testimony required to establish the scope of duty attorney owed to former client where attorney brought action against former client).

Here, it is undisputed that Ehrlich's claims for breach of fiduciary duty required expert testimony establishing an attorney's duty.

We therefore conclude Ehrlich's claims for breach of fiduciary duty were governed by § 13–20–602, and a certificate of review was required to support the claims.

■■■ We reject Ehrlich's argument that defendants waived this defense by not requesting dismissal until more than two years after the action was filed. *See Miller v. Rowtech, LLC,* 3 P.3d 492, 495 (Colo.App.2000)(defense provided by statute requiring certificate of review is not waived if raised before completion of trial). We also reject the argument that Ehrlich's expert witness disclosures satisfied the requirements of § 13–20–602, thus obviating the need to file a certificate of review. *See Shelton v. Penrose/St. Francis Healthcare Sys.,* 984 P.2d 623 (Colo.1999)(holding expert disclosures cannot be accepted in lieu of a certificate of review).

B.

■■■ Ehrlich next argues the trial court abused its discretion by finding Ehrlich failed to demonstrate good cause for filing the certificate of review three years after it was due and five weeks before trial. Specifically, Ehrlich argues it had a right to rely on the trial court's order finding no certificate was required. We disagree.

■■■■ It is within the trial court's discretion to determine whether to extend the time for filing a certificate of review beyond the sixty-day period for "good cause." *Williams v. Boyle,* 72 P.3d 392 (Colo.App. 2003). A trial court abuses its discretion when it rules based on an erroneous application of the law or its ruling was manifestly arbitrary, unreasonable, or unfair. *Wallbank v. Rothenberg,* 74 P.3d 413 (Colo.App.2003).

■■■ The court must consider (1) whether the neglect that resulted in the failure to file was excusable, (2) whether the moving party had alleged a meritorious defense or claim, and (3) whether relief from the challenged order would be consistent with equitable considerations, such as whether any prejudice would accrue to the nonmoving party. *Yadon v. Southward,* 64 P.3d 909 (Colo.App. 2002); *Hane v. Tubman,* 899 P.2d 332 (Colo. App.1995).

Here, Ehrlich filed the complaint against the Oldenburg defendants on December 21, 2000. Accordingly, Ehrlich was required to file a certificate of review, pursuant to § 13–20–602, by February 21, 2001. In February 2003, roughly two years after the deadline, the Oldenburg defendants moved for summary judgment, requesting dismissal of Ehrlich's complaint for failure to file the certificate of review. On January 14, 2004, the trial court denied the Oldenburg defendants' motion and concluded Ehrlich was not required to file a certificate of review because the claims were based on breach of fiduciary duty and not based on professional negligence.

On February 17, 2004, the Oldenburg defendants filed a motion to dismiss Ehrlich's claims, arguing dismissal was mandatory because of Ehrlich's failure to file a certificate of review in violation of § 13–20–602. The trial court ordered Ehrlich to show cause why the action should not be dismissed and ordered Ehrlich to file a proposed certificate of review.

On February 24, 2004, Ehrlich filed a proposed certificate of review and responded to the court's order to show cause. Ehrlich argued the late filing was excusable because it had a good faith belief a certificate was not required and the Oldenburg defendants waived the defense. On February 26, 2004, the trial court granted the Oldenburg defendants' motion to dismiss, concluding Ehrlich did not establish good cause.

■■■ Generally, a party has the right to rely on orders of the court as law of the case. *See Shelton v. Penrose/St. Francis Healthcare Sys., supra; People in Interest of A.J.H.,* 134 P.3d 528 (Colo.App.2006). Application of the law of the case doctrine, however, is discretionary, and a judge may modify a prior ruling as necessary if new facts, changes in the applicable law, or other persuasive circumstances warrant such modification. *In re Estate of Walter,* 97 P.3d 188 (Colo.App.2003); *Provo v. Indus. Claim Appeals Office,* 66 P.3d 138 (Colo.App.2002), *aff'd in part and rev'd in part on other grounds sub nom. Dworkin, Chambers & Williams, P.C. v. Provo,* 81 P.3d 1053 (Colo. 2003).

Here, the trial court concluded a certificate of review was not required in its January 14, 2004 order denying the Oldenburg defendants' motion for summary judgment. On February 24, 2004, the court concluded a certificate was required. Accordingly, Ehrlich only relied on the court's order for five weeks immediately preceding trial.

We therefore conclude the trial court did not abuse its discretion in finding Ehrlich did not establish good cause for filing a certificate of review more than three years after it was due. We further conclude the trial court did not err in granting summary judgment in favor of the Oldenburg defendants.

In light of our conclusion, we need not address Ehrlich's contention that the trial court erred in granting the Oldenburg defendants' motion for summary judgment regarding economic damages.

### III.

■■■ We next reject Ehrlich's contention that the trial court abused its discretion in granting the Oldenburg defendants' in limine motion and thereby precluding Ehrlich from presenting evidence of civil theft based on unlawful retention of client funds.

■■■ We review a trial court's in limine evidentiary rulings for abuse of discretion. *E–470 Public Highway Authority v. 455 Co.,* 3 P.3d 18 (Colo.2000); *Bruckman v. Pena,* 29 Colo.App. 357, 487 P.2d 566 (1971).

Here, Ehrlich alleged civil theft based on unlawful retention of legal documents in its first amended complaint and second amended complaint. However, it did not allege the unlawful retention of client funds by the Oldenburg defendants as a basis for the civil theft claim. In these complaints, Ehrlich alleged the Oldenburg defendants:

> knowingly exercised control over things of value of another, *specifically of certain legal documents in which [Ehrlich has] a possessory and proprietary interest.* [The Oldenburg defendants] intended to permanently deprive [Ehrlich] of the use and benefit of these things of value, and have knowingly used, abandoned, and disposed of these things in such a manner as to permanently deprive [Ehrlich] of the use and benefit of them.

(Emphasis added.)

Ehrlich indicated in its trial management order that the Oldenburg defendants "held money in its bank accounts that belonged to the Ehrlichs for nearly a decade . . . ." Ehrlich then referenced a claim for civil theft based on unlawful retention of client funds in a stipulation to dismiss claims premised on allegations of document purging, loss or destruction. As relevant here, the stipulation provided that Ehrlich's

> Third Cause of Action (Civil Theft) [is dismissed with prejudice] to the extent

that it is premised on allegations of document purging, loss, or destruction; *to the extent that this claim is premised on the defendants' alleged retention of funds belonging to Esther and Otto Ehrlich, the claim is not being dismissed through this stipulation.*

(Emphasis added.)

In response to the trial management order and stipulation, the Oldenburg defendants filed a motion in limine in order to prevent Ehrlich from introducing evidence of theft of client funds. The trial court granted the motion, concluding Ehrlich failed to plead civil theft based on theft of client funds and failed to amend its complaint to add a claim for civil theft of client funds.

■ Although a trial management order may supply the requisite express or implied consent of the parties to raise an issue not raised in the pleadings, *see DeForrest v. City of Cherry Hills Village,* 72 P.3d 384 (Colo. App.2002), the Oldenburg defendants objected to the introduction of evidence of theft of client funds and precluded Ehrlich from raising the civil theft claim in its trial management order.

We therefore conclude the trial court did not abuse its discretion in granting the Oldenburg defendants' in limine motion and thereby precluding Ehrlich from presenting evidence of civil theft based on unlawful retention of client funds.

Orders affirmed.

Judge GRAHAM and Judge CARPARELLI concur.